```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

```
KEN HODAK,                      )
                                )
     Plaintiff,                 )   Civil Action No. 5:07-5-JMH
                                )
v.                              )
                                )
MADISON CAPITAL MANAGEMENT,     )
LLC, et al.,                    )   MEMORANDUM OPINION AND ORDER
                                )
     Defendants.                )
                                )
```

       \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Declaratory Judgment Claim for Lack of Subject Matter Jurisdiction [Record No. 43]. Plaintiff has responded [Record No. 47], objecting in part to Defendants' motion. Defendants have filed a reply [Record No. 52] in further support of their motion, and the motion is now ripe for consideration.

**I.   BACKGROUND**

Hodak was employed by UAR GP Services, LLC ("GP Services") as its CEO from May through September of 2006. [Record No. 1 at ¶¶ 18, 23.] As a condition of his employment, he was required to execute a Non-Competition, Nondisclosure and Confidentiality Agreement (the "Non-Competition Agreement"), which prohibited him from working for certain classes of companies in the coal industry for a period of one year following his separation from GP Services, renewable at GP Services' discretion for a second year. [*Id.* at ¶ 21; Record No. 1-3 at ¶ 1.] Six months after coming to work for GP

Services, Hodak's employment was terminated, allegedly "for cause." [Record No. 1 at ¶ 23.]

Hodak filed suit in early 2007, and Count III of Hodak's Complaint seeks a declaration that a portion of the Non-Competition Agreement is unenforceable as overbroad. [Record No. 1 at ¶¶ 34-36.] Specifically, he avers that the provision that he could not work for certain types of coal companies for one year following termination of his employment with GP Services is an unreasonable restriction on his ability to work and therefore contrary to public policy. [*Id.*]

Shortly after the lawsuit was filed, Defendants granted a limited waiver of the Non-Competition Agreement so that Hodak could accept employment with National Coal Corporation.[1] Hodak did accept that employment, leaving the position after a six-month tenure. Defendants did not exercise their option to renew the Non-Competition Agreement for a second year, and the one-year term expired on September 29, 2007.

Count III of Plaintiff's Complaint, captioned "Declaratory Judgment Under KRS Chapter 418," reads as follows:

> Under KRS 418.045, any person interested under an instrument of writing, including a contract, may apply for and secure a

---

[1] The Court notes that this assertion has been baldly made by Defendants, unsupported by an affidavit. Plaintiff has not controverted it, but the facts are not appropriately before the Court.

2

> declaration of his rights and duties.
>
> Because interpreting the validity of contracts and the rights and duties of the parties involved in [*sic*] another primary function of the declaratory judgment, Plaintiff requests that this Court declare the Non-Competition Agreement . . . invalid and unenforceable because it is overly broad and violates public policy. Additionally, Plaintiff requests that this Court declare that Defendants breached the Employment Agreement and[,] as a result[,] may not enforce the Non-Competition Agreement. Moreover, Plaintiff requests that this Court award any/all monetary and/or equitable relief for such breach(es) including Plaintiff's reasonable attorneys' fees and costs.

[*Id*. at ¶¶ 35-36.]

## II. ANALYSIS

Defendants ask the Court to enter an order dismissing Count III of Plaintiff's Complaint for lack of subject matter jurisdiction. Defendants argue that Plaintiff's request for relief has become moot due to the expiration of the Non-Competition Agreement and, to the extent that the Court determines that Plaintiff's request for a declaration that Defendants breached the employment agreement is not moot, that said portion of Count III be dismissed as duplicative of relief sought elsewhere in the Complaint.

Article III, Section 2, of the United States Constitution limits this Court's jurisdiction to actual cases and controversies. This is to say that:

> "A federal court has no authority to render a

3

> decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 530 (6th Cir.2001) (citing *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992)). "A case becomes moot 'when the issues presented are no longer live or parties lack a legally cognizable interest in the outcome.' " *Id*. (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)). Mootness generally depends on "whether the relief sought would, if granted, make a difference to the legal interests of the parties...." *McPherson v. Michigan High School Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir.1997) (en banc) (internal quotation marks and citation omitted).

*United States v. City of Detroit*, 401 F.3d 448, 450-51 (6th Cir. 2005).

Considering the expiration of the Non-Competition Agreement in September 2007, no forward-looking controversy exists with respect to those contractual provisions which are the basis of Count III, limiting Hodak's employment with other coal companies, because Hodak is now free to work for whomever he chooses. As Defendants argue and Plaintiff concedes, forward-looking enforcement of the relevant provision of the Non-Competition Agreement is no longer an actual controversy requiring the Court's attention. Any request for injunctive relief in Count III is now moot, and to the extent that Plaintiff has requested injunctive relief in Count III, his claim shall be dismissed.

That said, the Court is not persuaded that it is without

jurisdiction as to the remainder of Count III. Whether the Non-Competition Agreement was invalid and unenforceable because it was overly broad and violated public policy or whether it was unenforceable in any event because Defendants breached the Employment Agreement with Plaintiff in the first place remain – at this juncture – live issues.[2] Further, the Court is not persuaded that the relief requested in Count III – a declaration that the Non-Competition Agreement is invalid and was, in any event, unenforceable due to Defendants' breach of contract – is duplicative of the relief requested in Count II. Count II avers that the Defendants failed to provide him thirty days prior notice of any performance deficiency, allowing him time to cure any deficiency, prior to terminating his employment "for cause." The fact that some of the relief requested in Count III depends from a decision on the issue of breach of contract presented in Count II does not subsume Count III into Count II. Accordingly, the Court will deny Defendants' motion to dismiss Count III in its entirety.

**III. CONCLUSION**

---

[2] Notwithstanding its decision today, the Court wonders what, if any damages, will be available to Plaintiff on Count III, particularly considering that a limited waiver was apparently granted to Plaintiff by Defendants, allowing him to take a position that he desired during the term of the Non-Competition Agreement. That issue is not, however, properly before the Court today on Defendants' Motion to Dismiss as it requires the Court to consider facts outside of the pleadings which are not adequately supported here by affidavits or stipulations of fact.

For all of the reasons stated above, Defendants' Motion to Dismiss will be granted in part and denied in part.

Accordingly, **IT IS ORDERED:**

(1) that Defendants' Motion to Dismiss Count III of the Plaintiff's Complaint [Record No. 43] shall be, and the same hereby is, **GRANTED IN PART AND DENIED IN PART;** and

(2) that portion of Count III which seeks injunctive relief shall be, and the same hereby is, **DISMISSED.**

This the 30th day of January, 2008.

**Signed By:**

**_Joseph M. Hood_**

**Senior U.S. District Judge**