UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON
CIVIL ACTION NO. 5:07-CV-00005-JMH

KEN HODAK                    PLAINTIFF

v.      <u>PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DEPOSITION TESTIMONY</u>

MADISON CAPITAL MANAGEMENT, LLC; et al.                  DEFENDANTS

\* \* \* \* \* \* \* \*

Comes now, Plaintiff, Ken Hodak (hereinafter "Hodak"), through counsel, and hereby submits his Memorandum in Support of Motion to Compel Deposition Testimony of Chauncey Curtz, Bryan Gordon and Jonathan Baum pursuant to FRCP 37(a)(3)(B)(i) and states as follows:

**FACTS**

Chauncey Curtz (hereinafter "Curtz"), Bryan Gordon (hereinafter "Gordon") and Jonathan Baum (hereinafter "Baum") were deposed by Hodak in early 2008.[1] Curtz testified that he serves as a consultant to Defendants UAR, Madison groups and that he was formerly employed as the Chairman of the Board of UAR GP Services, LLC. (Curtz Depo. at p. 5). Gordon testified that he serves as the Chairman and Managing Director for Defendant Madison Capital Management (hereinafter "Madison"). (Gordon Depo. at p. 4). Baum testified that he was general counsel and then served as counsel for Defendants. (Baum Depo. at p. 4-8). Throughout the depositions of Curtz, Gordon and Baum, counsel for Defendants objected repeatedly and asserted the attorney-client privilege as a basis for the objections. Most of the

---

[1] Relevant portions of Curtz, Gordon and Baum's depositions as set forth herein are attached hereto as **Exhibits 1, 2** and **3** respectively.

objections were the result of Hodak's questions relating to the termination of his employment. Based on the reasons set forth below, Defendants' objections were improper.

## ARGUMENT

In <u>Wright v. Firestone Tire and Rubber Co.</u>, (D.C. Ky.), 93 F.R.D. 491 (1982), the United States District Court for Western District of Kentucky held that questions in a deposition relating to the factual basis of the allegations of the complaint were not covered by the attorney-client privilege, that plaintiff's counsel had obstructed discovery without substantial justification and that costs in connection with the motion to compel and attorneys fees would be assessed against the plaintiff's counsel. (<u>Id</u>. at 494-494).

I.  **THE ATTORNEY-CLIENT PRIVILEGE BETWEEN CURTZ, GORDON AND BAUM HAS BEEN WAIVED AND THEY SHOULD BE COMPELLED TO ANSWER DEPOSITION QUESTIONS RELATING TO THE TERMINATION OF HODAK**

Defendants waived the protection afforded by the attorney-client privilege as applied to the communications between Curtz, Gordon and Baum regarding the termination of Hodak's employment. The elements of the attorney-client privilege are generally stated as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.

*Broessel v. Triad Guar. Ins. Corp.*, 238 F.R.D. 215, 218 (W.D. Ky. 2006). The party asserting the privilege bears the burden of establishing its existence and the non-waiver of the privilege. *See id*. (citing *U.S. v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999)). Further, an inquiry into whether the privilege has been waived "examine[s] whether there has been a disclosure of a

'significant part' of a privileged communication." *In re OM Securities Litigation*, 226 F.R.D. 579, 590 (N.D. Ohio 2005) (citing *In re Perrigo Co.*, 128 F.3d 430, 438 (6th Cir. 1997); *Grand Jury Proceedings*, 78 F.3d 251, 254-5 (6th Cir. 1996)). The scope of the waiver varies based upon the facts of each case, but generally "applies to the rest of the communications on the same subject matter." *Id*. at 591.

In the case at bar, there are two separate waivers of the attorney-client privilege resulting from the deposition testimony of Curtz, Gordon and Baum. First, a significant number of federal courts have found that a waiver of the attorney-client privilege occurs where the party asserting the privilege places the protected information "in-issue" or relies upon "advice of counsel" in such a way as to place the protected information in issue. *See e.g., Harter v. Univ. of Indianapolis*, 5 F.Supp.2d 657, 664 (S.D. Ind. 1998) (collecting cases from various jurisdictions); *Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975). The "in-issue" waiver may be found where

> (1) assertion of the privilege was a result of some affirmative act . . . by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense.

*Hearn*, 68 F.R.D. at 581 (applying the waiver to a case where the attorney-client privilege is asserted in furtherance of an affirmative defense). In fact, the Restatement (Third) of the Law Governing Lawyers states the "in-issue" waiver as follows: "(1) The attorney-client privilege is waived for any relevant communication if the client asserts as to a material issue in a proceeding that: (a) <u>the client acted upon the advice of a lawyer</u> or that the advice was otherwise relevant to the legal significance of the client's conduct." Restatement (Third) of Law Governing Lawyers

§80 (2007) (emphasis added). The Restatement test appears to rely on the formulation of the waiver found in *Hearn*.

The first requirement in the *Hearn* test is satisfied because, during his deposition, when asked for specific reasons why Hodak was terminated, Gordon stated that his decisions was based, in part, on the advice of counsel, Baum. Gordon testified that:

> Q.   So, Jonathan Baum provided you with reasons for firing Ken Hodak?
>
> A.   That's correct. . . .
>
> Q.   So, your decision to fire Mr. Hodak was following counsel's advice?
>
> A.   In part.

(Gordon Depo. at p. 103). When asked to discuss the reasons that were provided by Baum for terminating Hodak, Gordon asserted the attorney-client privilege and refused to discuss those reasons for Hodak's termination:

> Q.   Just so the record is clear when we go before the judge, you're telling me that you have other reasons in your mind that you have for firing Ken Hodak, but you're not disclosing those reasons to me because you discussed those with counsel?
>
> A.   Because I was advised of those by counsel.
>
> Q.   And that counsel being Jonathan Baum?
>
> A.   That's correct.

(*Id*. at 102-03).

Likewise, the second requirement under *Hearn* is satisfied because, by affirmatively asserting the attorney-client privilege in this case, Gordon put the information concerning Baum's advice in-issue. Baum's advice became relevant to the case because <u>it was asserted as a</u>

<u>basis for the termination of Hodak</u>.  Finally, the third *Hearn* requirement is satisfied.  Permitting Defendants to claim the privilege denies Hodak access to information vital to Hodak's claims in this case, i.e. what the basis was for his termination and whether such basis constituted "just cause" for termination under his contract.  *See Hearn*, 68 F.R.D. at 581 (holding that the third prong for application of the waiver was supported because application of the attorney-client privilege in connection with an affirmative defense deprived the plaintiff of information needed to prove his claims).  Gordon stated that some of the reasons he relied upon in terminating Hodak were provided by Baum.  This is the exact information that Hodak needs to prove his case.

      Moreover, Curtz refused to testify about conversations he had with Gordon and Baum regarding the decision to terminate Hodak citing the attorney-client privilege.  (Curtz Depo. at p. 163-169).  Baum also refused to testify on the same basis regarding the reasons why Hodak was terminated.  (Baum Depo. at p. 57-59).  Further, Baum refused to testify about which clause of the contract Hodak was terminated under based upon the attorney-client privilege.  (Baum Depo. at p. 74).

      Allowing Defendants to claim the attorney-client privilege for communications regarding the termination of Hodak would offend basic notions of fairness.  As a result of Defendants' confirmation that the decision to terminate Hodak was based on the advice of counsel and their simultaneous assertion that the same advice of counsel is privileged and they would not disclose such reason(s), Hodak would effectively be prevented from obtaining crucial information necessary to prove his case.  Such is not the intent of the attorney-client privilege.  *See Hearn*, 68 F.R.D. at 582 ("[T]he policy of the privilege is to protect confidential attorney-client relationships only to the extent that the injury the relationship would suffer from disclosure is greater than the benefit to be gained thereby.").  As a result, the in-issue waiver should be applied

in this case.  The "[w]aiver extends to all communications relevant to the issue asserted" by Curtz and Gordon, and would therefore include all communications between Baum, Curtz and Gordon concerning the termination of Hodak.  *See* Restatement (Third) of the Law Governing Lawyers § 80 (2007) at cmt. b.

The second ground for finding a waiver of the attorney-client privilege as it relates to Curtz and Gordon's communications with Baum regarding the termination of Hodak is that communications must be confidential to be entitled to protection.  *See Broessel*, 238 F.R.D. at 218.  "As a general rule, the 'attorney-client privilege is waived by voluntary disclosure of private communications by an individual or corporation to third parties."  *In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289, 294 (6th Cir. 1992).  In his deposition, Gordon testified that he relied upon the advice and reasons provided by Baum in deciding to terminate Hodak. (Gordon Depo. at p. 102-103).  Such an admission overcomes the alleged confidential character of the communications between Gordon and Baum.  Gordon's deposition testimony informs third parties of more than just the subject matter of the discussion between he and Baum—it also shows the substance of Baum's advice.

Gordon waived the alleged confidential character of his communications with Baum, which results in a waiver of the attorney-client privilege as to those communications.  Further, Baum refused to answer a question on the basis of attorney-client privilege relating to whether Curtz ever recommended Hodak's termination. (Baum Depo at p. 50).  However, Curtz already waived the privilege by testifying that he did not recollect making a specific recommendation one way or the other (Curtz Depo. at p. 167) and Baum's refusal to answer the question was not proper.

Based upon the two types of waivers to the attorney-client privilege set forth above, Defendants should be compelled to submit to discovery on the substance of Curtz and Gordon's communications with Baum regarding the termination of Hodak. The attorney-client privilege has been waived as to all such communications under the facts of this case.

Because Plaintiff has expended considerable amounts in out-of-pocket expenses in traveling to New York, twice, in order to depose Brian Gordon and then Jonathan Baum, Plaintiff requests that the Court grant his Motion to Compel and order Defendants to make Gordon and Baum available in Lexington to allow undersigned counsel to complete the examination of each. In the alternative, if Defendants are unwilling to do so, Defendants should be required to reimburse Plaintiff all out-of-pocket expenses associated with travel to New York to complete the depositions. Further, Plaintiff is entitled to his reasonable attorneys' fees associated with bringing this Motion.

## CONCLUSION

Based on the aforementioned reasons, Plaintiff Ken Hodak respectfully requests that the Court enter an Order compelling the deposition testimony of Chauncey Curtz, Bryan Gordon and Jonathan Baum relating to reasons for the termination of Hodak's employment pursuant to FRCP 37(a)(3)(B)(i). Moreover, Hodak requests that the Court award his reasonable attorneys fees and costs associated with the filing of this Motion.

## CERTIFICATION

Pursuant to LR 37.1, the undersigned counsel certifies that Plaintiff has made a good faith effort to resolve the aforementioned discovery disputes with Defendant's counsel. Counsel for both parties have conferred on numerous occasions relating to the issues set forth herein and are

unable to resolve their differences.  Plaintiff brings the Motion to Compel in good faith before the Court because the parties have been unable to resolve their discovery dispute.

        Respectfully Submitted,

        WALTHER, ROARK & GAY, PLC

        /s/ W. Scott Hunt
        Robert L. Roark, Esq.
        Erica L. Keenan, Esq.
        W. Scott Hunt, Esq.
        163 East Main Street, Suite 200
        P.O. Box 1598
        Lexington, Kentucky  40588-1598
        (859) 225-4714
        COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on April 9, 2008, I electronically filed the foregoing using this Court's CM/ECF system, which will send a notice of electronic filing to Susan Sears, Counsel for Defendants.

        /s/ W. Scott Hunt
        COUNSEL FOR PLAINTIFF