UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| KEN HODAK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:07-5-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| MADISON CAPITAL MANAGEMENT, LLC, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Plaintiff's Motion to Alter or Amend the Court's May 14, 2007, Memorandum Opinion and Order Only to the Extent Such Order Limits Plaintiff's Discovery Regarding Madison Capital Management, LLC, and Madison Investment Partners 24 (hereinafter, collectively, "Madison Defendants") [Record No. 57]. Defendants have responded [Record No. 63], objecting to what it believes to be Plaintiff's efforts "to expand the permissible scope of discovery . . . based on his incorrect assumption that discovery on the merits of Plaintiff's claims from these two entities will support his piercing the corporate veil theory." Plaintiff has replied in further support of his motion [Record No. 71], and this motion is now ripe for decision.

As an initial matter, the Court is not of the opinion that any modification to the May 14, 2007, order is necessary at this time.[1]

---

[1] Plaintiff and Defendants argue about the merits of piercing the corporate veil, taking the position that the facts discovered to date either do or do not warrant removing the limits to

The Court meant what it said on May 14, 2007. Discovery as to the Madison Defendants remains limited at this time to issues related to piercing the corporate veil as well as discovery regarding the existence of a joint venture between the Madison Defendants and UAR GP Services.

That said and without deciding the discovery motions currently pending in this matter and referred to the magistrate judge, clarification is in order. This Court's May 14, 2007, order was **not** intended to serve as a blanket protective order nor to limit discovery to issues of corporate governance where claims of "piercing the corporate veil" and asserting the existence of a joint venture require a further inquiry.

Plaintiff may discover any nonprivileged matter that is *relevant* to his claims for piercing the corporate veil or to proving a joint venture. Fed. R. Civ. P. 26(b)(1). To the extent that the discovery of evidence beyond corporate governance structure, ownership, and corporate formalities is relevant to these claims, under federal and state law, discovery should proceed apace, and Defendants should not play coy. All parties in this matter, including the Madison Defendants, have an obligation to engage in discovery in good faith, and they would do well to

---

permissible discovery on the grounds that the corporate veil is or is not subject to piercing. By virtue of this order, the Court is not issuing a ruling on the propriety of piercing the corporate veil. The parties may bring that issue before the Court upon an appropriate dispositive motion.

2

proceed accordingly.

Accordingly, **IT IS ORDERED**:

(1) that Plaintiff's Motion to Alter or Amend the Court's May 14, 2007, Memorandum Opinion and Order [Record No. 57] shall be, and the same hereby is, **DENIED**; and

(2) that the Court's May 14, 2007, Memorandum Opinion and Order [Record No. 19] is **CLARIFIED** as set forth above.

This the 16th day of May, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

3