UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DISTRICT at LEXINGTON

CIVIL ACTION NO. 5:07-cv-05-JMH

KEN HODAK,                                                                                                                             PLAINTIFF

V.                 **MEMORANDUM OPINION AND ORDER**

MADISON CAPITAL MANAGEMENT, LLC, ET AL.,                   DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Ken Hodak ("Hodak"), a resident of Knoxville, Tennessee, brings this diversity action, pursuant to 28 U.S.C. § 1332, against the defendants Madison Capital Management, LLC ("Madison Capital"); Madison Investment Partners 24, LLC ("Madison Investment"); United American Resources, LP, UAR GP Holdco, LLC, UAR MLP, LP, UAR GP, LLC (collectively the "Non-GP Services Entities"); and UAR GP Services, LLC ("UAR GP Services"), asserting claims for violation of state wage and hour laws, breach of contract, fraud, and tortious interference with a contract. Plaintiff seeks a declaratory judgment that the non-competition agreement he entered into on May 12, 2006, is invalid and unenforceable, and plaintiff also seeks compensatory damages, punitive damages, his costs and attorneys' fees.[1]

In response to the complaint, defendant UAR GP Services filed a counterclaim against plaintiff, alleging that Hodak has breached certain terms of the Non-Competition Agreement he signed on May 12, 2006, and breached his fiduciary duty to GP Services by disclosing confidential information to his present employer, National Coal, concerning the interest GP Services had expressed in acquiring Mann Steel and the Norwest Report. GP Services seeks compensatory and punitive damages against Hodak for his alleged violations of the Non-Competition Agreement.

___

[1] In a Memorandum Opinion and Order entered on May 14, 2007, the district court granted in part the defendants' motion to dismiss, dismissing the claim asserted in Count 1 of the complaint for violation of Kentucky's wage and hour laws.

This matter is before the court on plaintiff's motion to compel defendant Madison Capital to supplement its answers to plaintiff's First Set of Interrogatories and Requests for Production of Documents. [DE #59].[2] This motion has been fully briefed and is ripe for review.

## II. FACTUAL BACKGROUND

Plaintiff's complaint states that in October 2005, he accepted employment with National Coal and that from December 2005 through April 2006, individuals representing UAR GP Services and Madison Capital, defendants herein, contacted him on numerous occasions seeking to recruit him. Eventually, Hodak accepted employment with Defendants as CEO of "the UAR Companies," which the employment agreement defines as United American Resources, LP, UAR GP Holdco, LLC, UAR MLP, LP, UAR GP, LLC, and UAR GP Services, LLC. While stating that Hodak is hired as CEO of "the UAR Companies," the employment agreement lists UAR GP Services and Hodak as the parties to the agreement. Hodak's duties in his role as CEO were to identify, research, and acquire small, privately held coal companies.

On September 29, 2006, Jonathan Baum ("Baum"), counsel for Madison Capital, informed Hodak that his employment was terminated. Thus, Hodak was employed as CEO of "the UAR Companies" from on or about May 12, 2006, until September 29, 2006. The employment agreement regarding Hodak's employment contained a severance provision that applied if Hodak were terminated "for reasons other than Cause." The employment agreement also provided that his employment could be terminated immediately upon a showing of cause. "Cause" is defined in Section 9(a)(2) of the employment agreement. Hodak states that he received no statement of the alleged cause for termination until November 15, 2006, subsequent to his termination. Hodak asserts that if his employment were terminated without the showing of Cause required by the employment agreement, the severance provision applies, which entitles him to "a severance benefit

---

[2]Pursuant to numerical ¶ 1 of the district court's Scheduling Order entered herein on July 3, 2007, all discovery disputes were referred to the Magistrate Judge for resolution. [DE #31].

equal to the sum of the base salary then in effect and that would otherwise be paid during the Severance Period . . . and an amount equal to the most recent Discretionary Incentive Bonus." At the outset of his employment with defendants, Hodak was loaned $100,000 to repay a penalty he incurred as a result of leaving his employment with National Coal. The loan was to be forgiven over time, pending Hodak's continued employment by defendants. The severance provision of the employment agreement offered relief from "any remaining loans."

In addition to the employment agreement, Hodak entered into a non-compete agreement with UAR GP Services and received a guarantee from Madison Capital that it would guarantee and/or indemnify Hodak for certain obligations in the employment agreement.

### III. THE DISCOVERY DISPUTE

Hodak has moved to compel defendant Management Capital Management, LLC ("Madison Capital"), to supplement its answers to plaintiff's First Set of Interrogatories and Requests for Production of Documents, asserting that Madison Capital's response thereto was insufficient and that Madison Capital raised unwarrranted objections to most of these discovery requests and that it also failed to produce any documents in response to the document requests.

In response, Madison Capital contends that plaintiff's discovery requests at issue exceed the scope of the court's Memorandum Opinion and Order of May 14, 2007, which permitted plaintiff to proceed with discovery from Madison Capital but only as to issues related to piercing the corporate veil and to the existence of a joint venture between Madison Capital and UAR GP Services. Madison Capital also submits that in these discovery requests, plaintiff is seeking information from the wrong defendant and that plaintiff has already obtained the information he is requesting from Madison Capital; therefore, compelling Madison Capital to provide the same information would be duplicative and a waste of resources. For all of these reasons, Madison Capital asserts that plaintiff's motion to compel discovery should be denied.

**Discussion/Analysis**

In considering this matter, the Magistrate Judge is mindful of the scope of discovery permitted by Fed.R.Civ.P. 26, subsequent to the 2000 amendment thereto, which permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . ." Additionally, in assessing the merits of plaintiff's motion to compel, it will be necessary for the Magistrate Judge to consider the district court's Memorandum Opinion and Order of May 14, 2007, which limited the discovery plaintiff could obtain from Madison Capital, as follows:

> . . . At this juncture, the Court is hesitant to pierce Madison's corporate veil and hold it liable for UAR GP Services's actions; however, noting that Hodak has alleged facts which, given further discovery, could warrant the removal of the corporate veil shielding Madison from liability, the Court orders that Defendants' motion to dismiss Madison for Hodak's failure to state a claim upon which relief can be granted is hereby denied without prejudice. Hodak shall be permitted to proceed with discovery, but as to Madison, such discovery shall be limited to issues related to piercing the corporate veil. Hodak may also proceed with discovery regarding the existence of a joint venture between Madison and UAR GP Services, which he alleges would subject Madison to liability on the employment agreement.

Memorandum Opinion and Order, p. 11 [DE #19].

Plaintiff's discovery requests at issue, as well as Madison Capital's responses thereto, are set out below and will be analyzed in seriatim, as follows:

**A.   Plaintiff's First Set of Interrogatories to Madison Capital**

> **INTERROGATORY NO. 2:** Identify each person you believe to have personal knowledge of any of the facts of this case. Please provide the name, address and telephone numbers of such individuals.
>
> **RESPONSE:** Objection. The phrase "any of the facts of this case" is vague and ambiguous. In addition, Madison Capital objects to the extent the Interrogatory calls for information protected by the attorney-client privilege or work-product doctrine, or to the extent it seeks information beyond the permissible scope of discovery as defined in the Court's May 14, 2007 Opinion and Order.

"Facts," as used in the phrase "any of the facts of this case" has a usual, customary meaning; therefore, the Magistrate Judge is unpersuaded by Madison Capital's contention that the phrase is vague and ambiguous. Nevertheless, the Magistrate Judge concludes that this Interrogatory does not specifically seek information limited to piercing the corporate veil or information concerning

a joint venture. For this reason, this Interrogatory exceeds the scope of the limited discovery to which plaintiff has been permitted to obtain from Madison Capital, as explained in the district court's Memorandum Opinion and Order of May 14, 2007.

In support of his motion to compel, plaintiff argues that Madison Capital's answer to this Interrogatory is not responsive and that Madison Capital is obligated to provide the names of all persons who have knowledge related to the veil piercing and joint venture issues. The Magistrate Judge is unpersuaded by this argument because this Interrogatory, as crafted, is not limited to persons with knowledge about piercing the corporate veil or a joint venture, and it is not limited to persons with "discoverable information." Consequently, Madison Capital's objection to Interrogatory No. 2 is sustained, and Madison Capital is not required to supplement its answer thereto.

> **INTERROGATORY NO. 5:** Identify each and every individual who supervised Plaintiff during his employment with any of the Defendant(s) named herein in this case and identify any and/or all documents related to such supervision.
>
> **RESPONSE:** Objection. The phrase "supervised" is vague and ambiguous. Moreover, Madison objects insofar as Plaintiff was not a Madison Capital employee, and to the extent that the Interrogatory seeks information beyond the permissible scope of discovery as defined in the Court's May 14, 2007 Opinion and Order. Without waiving the foregoing objections, Madison Capital states that as CEO of the UAR companies, Plaintiff reported to the Chairman of the Board of Managers for the UAR Companies.

"Supervised" has a usual, customary meaning. In Webster's New Collegiate Dictionary,1977 edition, "supervise" is defined as oversee. **(p. 1170).** Thus, the Magistrate Judge is unpersuaded by Madison Capital's contention that the word "supervised" is vague and ambiguous. Nevertheless, regardless of its objections to this Interrogatory, Madison Capital did respond by stating that plaintiff reported to the Chairman of the Board of Managers for the UAR Companies, presumably plaintiff's supervisor, as it were. It appears that the name of the Chairman of the Board of Managers of the UAR Companies is public knowledge; therefore, plaintiff should know his name.

Consequently, the Magistrate Judge concludes that Madison Capital's response to this Interrogatory is sufficient and that Madison Capital need not supplement its answer thereto. Madison Capital's objection to Interrogatory No. 5 is sustained.

> **INTERROGATORY NO. 6:** Identify each individual(s) responsible for deciding to hire Plaintiff as CEO of the UAR group as well as each such person(s) involved in any way with negotiating Plaintiff's employment contract with Defendant(s), including but not limited to, the contract with the UAR Group signed by Bryan Gordon.
>
> **RESPONSE:** Objection. The request seeks information beyond the permissible scope of discovery as defined in the Court's May 14, 2007 Opinion and Order. In addition, Madison Capital objects because the phrase "responsible for" is vague and ambiguous in this context. Without waiving the foregoing objections, Madison Capital states that the decision to hire Plaintiff was made by the Managing Director of UAR GP Services, LLC. Madison Capital further states that Plaintiff had no employment contract with Madison Capital.

The Magistrate Judge is unpersuaded by Madison Capital's assertion that the phrase "responsible for" is vague and ambiguous. Essentially, this Interrogatory requests the identity of the individual(s) who made the decision to hire plaintiff. This information may very well shed some light on the veil-piercing and joint venture issues, matters about which discovery is permitted from Madison Capital.

Although Madison Capital stated that the decision to hire plaintiff was made by the Managing Director of UAR GP Services, LLC, Madison Capital did not identify the name of the individual who held that position at the time plaintiff was hired. Presumably, Madison Capital knows the identity of the person who was the Managing Director of UAR GP Services, LLC, when plaintiff was hired. Madison Capital's objection to Interrogatory No. 6 is overruled, and Madison Capital is directed to supplement its answer to this interrogatory by providing plaintiff with the name of the person who was the Managing Director of UAR GP Services, LLC, at the time plaintiff was hired.

> **INTERROGATORY NO. 7:** Please identify each and every occasion when Plaintiff was advised in writing of any perceived deficiencies in his job performance by any of the Defendants named herein, and include a copy of each document

>responsive to this Interrogatory. Also state whether Plaintiff was ever provided with a written 30 day cure period to correct any such alleged deficiency(s) prior to Plaintiff's termination from employment in September of 2006.
>
>**RESPONSE:** Objection. The request seeks information beyond the permissible scope of discovery as defined in the Court's May 14, 2007 Opinion and Order. Madison Capital further objects to the request as overbroad in that Plaintiff was not a Madison Capital employee.

In opposing plaintiff's motion to compel discovery, Madison Capital argues that in Interrogatory No. 7, plaintiff is requesting information that is irrelevant to the veil-piercing and joint venture issues; therefore, it exceeds the scope of the May 14, 2007 Opinion and Order. Madison Capital also notes that this interrogatory requests it to provide information on behalf of other defendants, information that plaintiff has already obtained from other defendants herein.

Plaintiff argues that the requested information from Madison Capital does not violate the May 14, 2007 Opinion and Order, that Madison Capital's objection thereto is baseless, and that it has failed to articulate any legitimate reason why it should not be compelled to answer this interrogatory.

Presuming the correctness of Madison Capital's statement that plaintiff served identical discovery requests to all defendants, with the exception of Madison Investment Partners 24, LLC, and that those other defendants who received the identical discovery requests have responded and have not raised any objections thereto, the Magistrate Judge concludes that irrespective of whether this interrogatory exceeds the scope of the May 14, 2007 Opinion and Order, in this interrogatory, plaintiff is requesting Madison Capital to provide information on behalf of other defendants, which is the same information plaintiff has already obtained from the other defendants. Thus, to the extent that this interrogatory requests information plaintiff has already received from other defendants, it is duplicative, and Madison Capital is not obligated to incur the litigation expenses attendant to providing plaintiff with duplicative information. However, aside from the fact that this interrogatory requests Madison Capital to provide information on behalf of other defendants, this interrogatory

also requests information from Madison Capital that it provided to plaintiff. To that extent, Madison Capital's answer to this interrogatory is not completely responsive. Out of an abundance of caution, the Magistrate Judge concludes that if Madison Capital advised plaintiff in writing of any perceived deficiencies in his job performance, that information should be provided to plaintiff.

Accordingly, Madison Capital's objection to Interrogatory No. 7 is sustained to the extent that it requests Madison Capital to provide plaintiff with duplicative information that he has already obtained from other defendants, and it is overruled to the extent that it requests information that Madison Capital may have provided to plaintiff. Madison Capital is directed to supplement its answer to this interrogatory by informing plaintiff if and when it put plaintiff on written notice of any deficiencies in his job performance observed by Madison Capital and, if so, to provide plaintiff with a copy thereof.

> **INTERROGATORY NO. 8:** Please state and identify every reason(s) why Ken Woodring's employment with any and/or all of the named Defendants, was terminated and identify all person(s) who participated in the decision to terminate Ken Woodring's employment and identify any and/or all documents relating in any way to this decision.
>
> **RESPONSE:** Objection. The interrogatory is overbroad and not reasonably calculated to lead to the discovery of admissible information, as Ken Woodring's employment is not an issue in this case. Madison Capital further objections [sic] because Woodring was not a Madison Capital employee and Madison Capital did not terminate Woodring. In addition, Madison Capital objects to this request to the extent that it seeks information beyond the permissible scope of discovery as defined in the Court's May 14, 2007 Opinion and Order. The interrogatory also assumes that Woodring was terminated, a fact contradicted by the record evidence.

Although Madison Capital objected to Interrogatory No. 8, Madison Capital also stated that Ken Woodring was not its employee and that it did not terminate Ken Woodring. Thus, since Madison Capital did not employ Ken Woodring and since Madison Capital did not terminate him, the Magistrate Judge concludes that Madison Capital's response to this interrogatory is sufficient. Madison Capital's objection to this interrogatory is sustained.

> **INTERROGATORY NO. 9:** Please identify and explain in detail all reason(s) why Plaintiff's employment with the UAR group and/or the named Defendants herein, was terminated, and identify each person who participated in such decision, the date

8

such decision was made, and further identify any and/or all documents relating in any way, to such decision.

**RESPONSE:** Objection. This interrogatory is overbroad and unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible information. Moreover, the Interrogatory calls for information protected by the attorney-client privilege. In addition, this Interrogatory seeks information beyond the permissible scope of discovery as defined in the Court's May 14, 2007 Opinion and Order.

The record reflects that in correspondence between counsel that was exchanged prior to the filing of plaintiff's motion to compel discovery, concerning Interrogatory No. 9, Madison Capital advised plaintiff that this interrogatory sought information that he had already obtained during the deposition of Mr. Gordon and that a substantive response would be provided by UAR GP Services. The record also reflects that Madison Capital's outside counsel, Jonathan Baum, telephoned plaintiff to advise him that his employment as CEO of UAR GP Services had been terminated. The fact that plaintiff was advised by Madison Capital's counsel that his employment as CEO of UAR GP Services was being terminated may shed some light on the veil-piercing and joint venture issues, as it is unclear why counsel for one entity would advise a party that his employment with a completely unrelated entity had been terminated.

Consequently, Madison Capital's objection to Interrogatory No. 9 is overruled to the extent that if Baum, Madison Capital's outside counsel, knew the reasons for plaintiff's termination, the Magistrate Judge concludes that Madison Capital is obligated to provide that information to plaintiff, even though Bryan Gordon also testified in his deposition concerning the reasons for plaintiff's termination. For these reasons, Madison Capital is directed to supplement its answer to Interrogatory No. 9.

> **INTERROGATORY NO. 10:** Describe in detail the specific duties and role(s) in management relating to any of the named Defendants herein, for the following: (1) Bryan Gordon, (2) Chauncey Curtz, and (3) Jonathan Baum, and further identify the method of compensation paid to each of the foregoing by and/or from any of the named Defendants.
>
> **RESPONSE:** Objection. The interrogatory seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the permissible scope of discovery as defined in the Court's May 14, 2007 Opinion and Order. Madison Capital further objects to the interrogatory as overbroad.

>Without waiving the foregoing objections, Madison Capital states that Gordon is the Chairman and Managing Director of Madison Capital and Baum was formerly outside counsel for Madison Capital. Madison Capital objects to the request to provide the compensation paid to Gordon and Baum by Madison Capital, as the information is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and is subject to the attorney-client privilege. Madison Capital further objects to the interrogatory as overbroad in that Curtz was not a Madison Capital employee.

The record reflects that in correspondence between counsel that was exchanged prior to the filing of plaintiff's motion to compel discovery, concerning Interrogatory No. 10, Madison Capital advised plaintiff that this interrogatory sought information that he had already obtained during the depositions of Mr. Gordon and Mr. Curtz and that a substantive response would be provided by UAR GP Services. Although Madison Capital objected to this interrogatory, Madison Capital also described the roles of Bryan Gordon and Jonathan Curtz in its operations and further advised that Chauncey Curtz was not its employee. For these reasons, the Magistrate Judge concludes that Madison Capital's response to this interrogatory is sufficient and that it is not obligated to supplement its response thereto. Madison Capital's objection to Interrogatory No. 10 is sustained.

>**INTERROGATORY NO. 11:** Please identify and provide a list of the names of all persons and/or entities currently involved or previously involved in any form of litigation or similar proceeding, involving any and/or all of the Defendants named herein, including but not limited to the style of each such action, the court in which it is pending, the principal adverse parties, and a general description of the type of case.
>
>**RESPONSE:** Objection. This interrogatory is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence, as the interrogatory is not limited by any temporal or subject matter limitations but rather asks for information about all litigation of any type and at any time. Moreover, the interrogatory is overbroad to the extent it requests information about any entity other than Madison Capital. In addition, the phrase "similar proceeding" is vague and ambiguous. Finally, the Interrogatory seeks information beyond the permissible scope of discovery as defined in the Court's May 14, 2007 Opinion and Order.

The Magistrate Judge is persuaded that this Interrogatory far exceeds the scope of the Court's May 14, 2007 Opinion and Order. Madison Capital's objection to this interrogatory is sustained.

>**INTERROGATORY NO. 12:** Please identify the individual who was hired to replace plaintiff as CEO for the UAR group and/or the named Defendants herein, including the date he/she was hired, the names of the persons involved in the hiring decision and the length of time of each such person(s) employment.

10

>   **RESPONSE:** Objection. The interrogatory seeks information beyond the permissible scope of discovery as defined in the Court's May 14, 2007 Opinion and Order. Moreover, this interrogatory seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence, as the events after Plaintiff's termination have no bearing on the issues in this case. In addition, Madison Capital objects to the extent that this Interrogatory seeks information protected by the attorney-client privilege. Madison Capital further objects to the interrogatory as overbroad as the CEO of the UAR group is not a Madison Capital employee.

The record reflects that in correspondence between counsel that was exchanged prior to the filing of plaintiff's motion to compel discovery, concerning Interrogatory No. 12, Madison Capital advised plaintiff that this interrogatory sought information that he had already obtained during the depositions of Mr. Gordon and Mr. Curtz and that a substantive response would be provided by UAR GP Services. Although the Magistrate Judge is in general agreement with Madison Capital that events occurring after plaintiff's termination are irrelevant to this case, such information may be marginally relevant to the veil-piercing and joint ventures, matters about which plaintiff is permitted to inquire from Madison Capital. Therefore, out of an abundance of caution, the Magistrate Judge concludes that if Madison Capital were involved in any way in the decision to hire plaintiff's successor, it is obligated to supplement its answer to Interrogatory No. 12.

Consequently, Madison Capital's objection to Interrogatory No. 12 is overruled to the extent of its involvement, if any, in the decision to hire plaintiff's successor, and the objection is sustained if Madison Capital had no involvement in the hiring of plaintiff's successor. Madison Capital is directed to supplement its answer to Interrogatory No. 12 by advising whether it was involved in any way in the hiring of plaintiff's successor, and if so, the extent of that involvement.

>   **INTERROGATORY NO. 13:** Please describe in detail, any and all telephone conversation(s) by and between Jonathan Baum, acting on behalf of any and/or all of the Defendants, and Plaintiff Ken Hodak, which occurred in September of 2006, whereby Hodak was advised of the termination of his employment.
>
>   **RESPONSE:** Objection. The interrogatory seeks information beyond the permissible scope of discovery as defined in the Court's May 14, 2007 Opinion and

11

Order. Moreover, this interrogatory is overbroad in that Jonathan Baum is not an employee of Madison Capital.

Assuming the truthfulness of Madison Capital's statement that Jonathan Baum is its outside counsel and is not its employee, the Magistrate Judge concludes that Madison Capital is obligated to fully answer this interrogatory since Jonathan Baum is the person who telephoned plaintiff in September of 2006 to advise him that his employment had been terminated. Therefore, Madison Capital's objection to Interrogatory No. 13 is overruled, and Madison Capital is directed to supplement its response thereto by fully answering this interrogatory.

> **INTERROGATORY NO. 14:** Please identify and explain in detail the factual basis of your allegations contained in Paragraph 21 of your Counterclaims wherein you allege that 'Hodak has provided Confidential Information to National Coal regarding Mann Steel and the Norwest Report."
>
> **RESPONSE:** Objection. The interrogatory seeks information beyond the permissible scope of discovery as defined in the Court's May 14, 2007 Opinion and Order. Without waiving such objection, Madison Capital has not asserted any counterclaims.

The record reflects that on September 28, 2007, defendant UAR GP Services, LLC filed Counterclaims against plaintiff. See DE #37. The record also reflects that defendant Madison Capital has filed no counterclaims against plaintiff.

Madison Capital's objection to this interrogatory is sustained for the following two reasons: (1) since Madison Capital filed no counterclaims against plaintiff, it is unable to provide a substantive answer thereto; it appears that plaintiff is requesting information from the wrong defendant and/or that plaintiff is seeking duplicative information from Madison Capital inasmuch as plaintiff served the identical discovery request to defendant UAR GP Services, LLC, which answered without objection thereto, and (2) plaintiff is only permitted to obtain discovery from Madison Capital concerning the veil-piercing and joint venture issues.

**INTERROGATORY NOS. 15 - 18:**

These interrogatories also seek information from Madison Capital concerning the counterclaims it asserted against plaintiff. The court's ruling in respect to Interrogatory No. 14 applies equally to Madison Capital's objections to Interrogatory Nos. 15 - 18, and for the same reasons stated above, Madison Capital's objections to Interrogatory Nos. 15 - 18 are sustained.

**B.  Plaintiff's Requests for Production of Documents**

> **REQUEST NO. 1:** A copy of the curriculum vitae of each and every expert witness identified in your Answer to Interrogatory No. 4.
>
> **RESPONSE:** Objection. The interrogatory calls for information protected by the work-product doctrine. Without waiving the foregoing objection, see response to Interrogatory No. 4.

In its answer to Interrogatory No. 4, Madison Capital objected but also advised, without waiving its objection thereto, that it does not anticipate calling any expert witnesses at trial. Therefore, in the absence of any expert witnesses, there is no curriculum vitae to provide to plaintiff. Madison Capital's objection to this document request is sustained.

> **REQUEST NO. 2:** Complete and accurate copies of all files, notes, or documentation maintained by any and/or all of the Defendants named herein, regarding Plaintiff, including but not limited to, and his personnel file, files maintained by Human Resources and/or Plaintiff's supervisor, and/or files maintained by Bryan Gorden [sic], and/or Chauncey Kirtz [sic], and/or Jonathon [sic] Baum.
>
> **RESPONSE:** Objection. The request seeks information beyond the permissible scope of discovery as defined in the Court's May 14, 2007 Opinion and Order. The request is overbroad and unduly burdensome, as it calls for the production of "all files" related to Hodak. Moreover, Madison Capital will not speculate as to which types of files in its possession (if any) Plaintiff believes relate to his alter ego or joint venture theories, which are the only types of documents that fall within the limited scope of discovery permitted by the Court. In addition, the request calls for documents protected by the attorney-client privilege and work product doctrine. If Plaintiff narrows the Request to ask for specific categories of documents within the limited scope of discovery permitted by the Court, Madison Capital will produce any responsive, non-privileged documents in its possession.

Madison Capital's objection to this document request is conditionally sustained. Aside from the fact that this document request appears to exceed the scope of the limited discovery plaintiff is authorized to obtain from Madison Capital, this document request also requires Madison Capital to produce documents, not only on its own behalf, but also on behalf of other defendants herein.

13

Nevertheless, out of an abundance of caution, the Magistrate Judge is persuaded that if Madison Capital has any such documents in its possession, they should be provided to plaintiff. Obviously, if Madison Capital did not keep or maintain such records, they can not produce same. Additionally, plaintiff has the option of amending and confining his document request to ask for specific categories of documents within the limited scope of discovery permitted by the May 14, 2007 Opinion and Order.

> **REQUEST NO. 3:** Complete and accurate copies of any and all documents Defendant has in its possession which relate to the decision to terminate Plaintiff from his employment, including but not limited to, notes, memoranda, e-mail communications, or other documents which reflect management's discussions, meetings, or communications regarding same.
>
> **RESPONSE:** Objection. The Request seeks information beyond the permissible scope of discovery as defined in the Court's May 14, 2007 Opinion and Order. Moreover, the Request calls for information protected by the attorney-client privilege. In addition, the phrase "relate to the decision to terminate Plaintiff" is vague in this context, and potentially overbroad, as it is not limited to any specific time frame.

Although this document request appears to exceed the scope of the limited discovery plaintiff is authorized to obtain from Madison Capital, this document request also seeks information that may be marginally relevant to the veil-piercing and joint ventures, matters about which plaintiff is permitted to inquire from Madison Capital. Therefore, out of an abundance of caution, the Magistrate Judge concludes that if Madison Capital is in possession of any documents responsive to this document request, they should be produced. The Magistrate Judge is unpersuaded by Madison Capital's argument that the phrase "relate to the decision to terminate Plaintiff" is vague.

Consequently, Madison Capital's objection to Document Request No. 3 is overruled, and Madison Capital is directed to provide plaintiff with any documents it has in its possession that are responsive to this discovery request.

> **REQUEST NO. 4:** Complete and accurate copies of any and all policies and procedures, employee handbooks or other personnel manuals applicable to Plaintiff's employment, including any and all policies and procedures utilized by any of the named Defendants herein for terminating an employee.

>  **RESPONSE:** Objection. The Request seeks information beyond the permissible scope of discovery as defined in the Court's May 14, 2007 Opinion and Order. Moreover, the request is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, as Plaintiff was not employed by Madison Capital.

Madison Capital's objection to this document request is sustained. Aside from the fact that this document request appears to exceed the scope of the limited discovery plaintiff is authorized to obtain from Madison Capital, this document request also requires Madison Capital to produce documents, not only on its own behalf, but also on behalf of other defendants herein, the same documents other defendants have produced to plaintiff. Additionally, plaintiff appears not to have been employed by Madison Capital. For all of these reasons, Madison Capital is not obligated to produce documents in response to Document Request No. 4.

>  **REQUEST NO. 5:** Complete and accurate copy of the personnel file of the individual who was hired to replace Plaintiff.
>
>  **RESPONSE:** Objection. The Request seeks information beyond the permissible scope of discovery as defined in the Court's May 14, 2007 Opinion and Order. In addition, it is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible information, as events transpiring after Plaintiff's termination have no bearing on his claims.

Although the Magistrate Judge generally agrees with Madison Capital that events occurring after plaintiff's termination are irrelevant to this case, such information may be marginally relevant to the veil-piercing and joint ventures, matters about which plaintiff is permitted to inquire from Madison Capital. If Madison Capital did the actual hiring of plaintiff's successor, it should produce the personnel file of plaintiff's successor. Therefore, out of an abundance of caution, the Magistrate Judge concludes that if Madison Capital were involved in any way in the decision to hire plaintiff's successor, it is obligated to respond to Document Request No. 5.

Consequently, Madison Capital's objection to Document Request No. 5 is overruled to the extent of its involvement, if any, in the decision to hire plaintiff's successor, and the objection is sustained if Madison Capital had no involvement in the hiring of plaintiff's successor. Madison

Capital is directed to produce documents responsive to Document Request No. 5 if it did the actual hiring of plaintiff's successor.

> **REQUEST NO. 6:** Please provide a copy of Plaintiff's evaluations and/or reviews that he received during his employment with Defendant(s).
>
> **RESPONSE:** Objection. The Request seeks information beyond the permissible scope of discovery as defined in the Court's May 14, 2007 Opinion and Order. Moreover, the request is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible information, as Plaintiff was not employed by Madison Capital.

Madison Capital's objection is sustained. This request requires Madison Capital to produce documents on behalf of other defendants, other defendants to whom the same discovery request has been made and, since no other defendants filed any objections to plaintiff's discovery requests (according to Madison Capital), presumably these documents, if there any such documents, have already been provided to the plaintiff. Additionally, since Madison Capital did not employ plaintiff, it would have no reason to have or maintain the documents requested in Document Request No. 6. Additionally, this document request exceeds the limited scope of discovery that plaintiff was able to obtain from Madison Capital, as detailed in the May 14, 2007 Opinion and Order.

> **REQUEST NO. 7:** Please provide a complete copy of all documents responsive to any of the foregoing Interrogatories.
>
> **RESPONSE:** Madison Capital incorporates all of the objections to the respective Interrogatories as if fully restated in response to this Request. Without waiving those objections, Madison Capital states that there are no documents identified in the Interrogatories.

Madison Capital's objection is sustained. This document request is too vague.

> **REQUEST NO. 8:** Please provide copies of any and/or documents which relate in any way to the Counterclaims asserted against Plaintiff.
>
> **RESPONSE:** Objection. The Request is overbroad, unduly burdensome, and seeks information beyond the permissible scope of discovery as defined in the Court's May 14, 2007 Opinion and Order. Without waiving the foregoing objections, Madison Capital states that it has not asserted any counterclaims.

Madison Capital's objection to this document request is sustained for the following two reasons: (1) since Madison Capital filed no counterclaims against plaintiff, it appears that plaintiff

is requesting information from the wrong defendant and/or that plaintiff is seeking duplicative information from Madison Capital inasmuch as plaintiff served the identical discovery request to defendant UAR GP Services, LLC, which responded thereto without objection, and (2) plaintiff is only permitted to obtain discovery from Madison Capital concerning the veil-piercing and joint venture issues.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to compel discovery from defendant Madison Capital Management, LLC [DE #59] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

   a. Plaintiff's motion to compel is **GRANTED** as to Interrogatory Nos. 6 and 13.

   b. Plaintiff's motion to compel is **DENIED** as to Interrogatory Nos. 2, 5, 8, 10, 11, 14, 15, 16, 17, and 18.

2. As to Interrogatory No. 7, Madison Capital's objection thereto is **sustained** to the extent that it requests Madison Capital to provide plaintiff with duplicative information that he has already obtained from other defendants, and it is **overruled** to the extent that it requests information that Madison Capital may have provided to plaintiff. Madison Capital is directed to supplement its answer to this interrogatory by informing plaintiff if and when it put plaintiff on written notice of any deficiencies in his job performance observed by Madison Capital and, if so, to provide plaintiff with a copy thereof.

3. As to Interrogatory No. 9, Madison Capital's objection thereto is **overruled** to the extent that if Baum, Madison Capital's outside counsel, knew the reasons for plaintiff's termination, Madison Capital is obligated to provide that information to plaintiff, even though Bryan Gordon also testified in his deposition concerning the reasons for plaintiff's termination. For these reasons, Madison Capital is directed to supplement its answer to Interrogatory No. 9.

4. As to Interrogatory No. 12, Madison Capital's objection thereto is **overruled** to the extent of its involvement, if any, in the decision to hire plaintiff's successor, and the objection is **sustained** if Madison Capital had no involvement in the hiring of plaintiff's successor. Madison

Capital is directed to supplement its answer to Interrogatory No. 12 by advising whether it was involved in any way in the hiring of plaintiff's successor, and if so, the extent of that involvement.

5. Plaintiff's motion to compel, in respect to his Requests for Production of Documents, is **granted** as to Document Request Nos. 3, and is **denied** as to Document Request Nos. 1, 4, 6, 7, and 8.

6. As to Document Request No. 2, Madison Capital's objection thereto is **conditionally sustained**. Aside from the fact that this document request appears to exceed the scope of the limited discovery that plaintiff is authorized to obtain from Madison Capital, this document request also requires Madison Capital to produce documents, not only on its own behalf, but also on behalf of other defendants herein. Nevertheless, out of an abundance of caution, the Magistrate Judge is persuaded that if Madison Capital has any such documents in its possession, they should be provided to plaintiff.

7. As to Document Request No. 5, Madison Capital's objection thereto is **overruled** to the extent of its involvement, if any, in the decision to hire plaintiff's successor, and the objection is **sustained** if Madison Capital had no involvement in the hiring of plaintiff's successor. Madison Capital is directed to produce documents responsive to Document Request No. 5 if it did the actual hiring of plaintiff's successor.

8. Madison Capital is given fifteen (15) days from the date of this Opinion and Order in which to supplement its discovery responses to plaintiff.

This 5th day of June, 2008.



Signed By:
*James B. Todd*
United States Magistrate Judge