UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DISTRICT at LEXINGTON

CIVIL ACTION NO. 5:07-cv-05-JMH

KEN HODAK,                                                                    PLAINTIFF

V.                              **MEMORANDUM OPINION AND ORDER**

MADISON CAPITAL MANAGEMENT, LLC, ET AL.,                    DEFENDANTS

* * * * * * * * * *

## I. INTRODUCTION

Plaintiff Ken Hodak ("Hodak"), a resident of Knoxville, Tennessee, brings this diversity action, pursuant to 28 U.S.C. § 1332, against the defendants Madison Capital Management, LLC ("Madison Capital"); Madison Investment Partners 24, LLC ("Madison Investment"); United American Resources, LP, UAR GP Holdco, LLC, UAR MLP, LP, UAR GP, LLC (collectively the "Non-GP Services Entities"); and UAR GP Services, LLC ("UAR GP Services"), asserting claims for violation of state wage and hour laws, breach of contract, fraud, and tortious interference with a contract. Plaintiff seeks a declaratory judgment that the Non-Competition Agreement he entered into on May 12, 2006, is invalid and unenforceable. Plaintiff also seeks compensatory damages, punitive damages, his costs and attorneys' fees.

In response to the complaint, defendant UAR GP Services filed a counterclaim against plaintiff, alleging that Hodak has breached certain terms of the Non-Competition Agreement he signed on May 12, 2006, and breached his fiduciary duty to GP Services by disclosing confidential information to his present employer, National Coal, concerning the interest GP Services had expressed in acquiring Mann Steel and the Norwest Report. GP Services seeks compensatory and punitive damages against Hodak for his alleged violations of the Non-Competition Agreement.

This matter is before the court on plaintiff's motion to strike portions of the errata sheet attached to Bryan Gordon's ("Gordon") deposition testimony.

## II.  THE DISCOVERY DISPUTE

Hodak alleges that Gordon has improperly made material changes to his deposition testimony through an errata sheet and that such material changes should be stricken from the record. Hodak asserts that Federal Rule of Civil Procedure 30(e) disallows these material changes and that the Rule should not be interpreted in a manner that allows one to alter what was said under oath. Summing up Hodak's argument, Hodak asserts that Gordon made wholesale changes to material portions of his deposition testimony and that such changes are prohibited by Rule 30(e).  Hodak also requests that he be awarded sanctions pursuant to F.R.C.P. 11 for actions on the part of the defendants that Hodak alleges are condemned by the civil rules.

In response, the defendants assert that Hodak's motion to strike should be denied because the proper interpretation of Rule 30(e) allows for material changes to deposition testimony through an errata sheet. The defendants allege that (1) no purpose is served by disallowing the corrections made to the deposition transcript, (2) there is no question that Gordon is the managing director of UAR GP Services and (3) Gordon did nothing more than confirm a fact that Hodak had been aware of for some time. In a nutshell, the defendants contend that through an errata sheet, Rule 30(e) allows changes material in nature to deposition testimony and that Hodak is not prejudiced as a result of these material changes.  Therefore, for all of these reasons, the defendants assert that Hodak's motion to strike should be denied and that they are entitled to fees and costs incurred in defending against Hodak's request for sanctions.

### Analysis

The rule in controversy is Federal Rule of Civil Procedure Rule 30(e) which reads:

**(e) Review by the Witness; Changes**

(1) Review, Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
    (A) to review the transcript or recording; and
    (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Hodak cites <u>Coleman v. Southern Pacific Transportation Co.</u>, 997 F.Supp.1197,1200 (D.Ariz. 1998) and that court's finding that Rule 30(e) "cannot be interpreted to allow one to alter what was said under oath" to support his motion to strike. The <u>Coleman</u> court declared that if one were allowed to alter what was said under oath then "one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination." <u>Id.</u> Hodak also cites <u>Coleman</u> for the idea that "wholesale changes to material portions of…deposition testimony through an errata sheet constitute a sham." <u>Id.</u> at 1201. This narrow interpretation of Rule 30(e) has been labeled as the "growing minority view." <u>Summerhouse v. HCA Health Serv.</u>, 216 F.R.D. 502, 505-06 (D.Kan.2003).

Hodak cites the following changes Gordon made through an errata sheet to his deposition testimony to demonstrate that material portions of Gordon's deposition testimony were changed:

Delete: "I don't remember"

Add: "We entered into negotiations with Mr. Hodak for the COO position."

(p.84, line 20 of Gordon's Depo. Testimony).

Hodak further supports his motion to strike by citing:

Delete: "That's correct"

Substitute with: "No, that's not correct. The Managing Director is an officer"

(<u>Id.</u> at p.105, line 23).

Hodak argues that these changes to the errata sheet by Gordon were made to "withdraw key admissions" related to corporate veil piercing and joint venture issues, i.e., "that the Madison entities had complete control over the UAR entity that was to employ Hodak, and that corporate formalities were ignored". Hodak alleges such changes to deposition testimony and the reasons offered in support are "inappropriate and should not be tolerated by this Court."

The Magistrate Judge is unpersuaded by Hodak's use of <u>Coleman v. Southern Pacific Transportation Co.</u>, <u>supra</u>, to demonstrate that Rule 30(e) disallows changes to deposition testimony

3

that are material in nature. In particular the Magistrate Judge is unpersuaded that the changes made in the present action "constitute a sham." The Magistrate Judge finds that a broader interpretation of Rule 30(e) is correct when it is applied to changes made to deposition testimony through an errata sheet.

The court in Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 103 (2nd Cir. 1997), found that Rule 30(e) allows deponents to "make changes in form or substance to their testimony and to append any changes that are made to the filed transcript. A deponent invoking this privilege must sign a statement reciting such changes and reasons given for making them, but the language of the Rule places no limitations on the type of changes that may be made, … nor does the Rule require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes, even if those reasons are unconvincing." This interpretation of Rule 30(e) is consistent with United States ex. rel. Barbara Burch v. Piqua Engineering, 152 F.R.D. 565, 566-67 (S.D. Ohio 1993), wherein the court held that under Rule 30 (e) "changed deposition answers of any sort are permissible, even those which are contradictory or unconvincing..."  More recently, Tingley Systems, Inc. v. CSC Consulting, Inc., 152 F.Supp.2d 95,120 (D. Mass. 2001), further supports this interpretation.  In Tingley, supra, the court stated that "the express language of Rule 30(e) allows a deponent to change the substance of his answers. Hence, changed deposition answers of any sort are permissible." This broader reading of Rule 30(e) has been labeled as the "majority view in federal courts." Summerhouse v. HCA Health Services of Kansas, 216 F.R.D. at 504-05 (D.Kan.2003).

At the same time, when a party amends his testimony under Rule 30(e), "the original answer to the deposition questions will remain part of the record and can be read at the trial." Lutzig v. Thomas, 89 F.R.D. 639,641 (N.D. Ill. 1981). "Nothing in the language of Rule 30(e) requires or implies that the original answers are to be stricken when changes are made." Id. at 641-42. The Podell court recognized that because "any out of court statement by a party is an admission," a deponent's "original answer should be admitted into evidence" even when he amends his deposition

testimony with the deponent "[o]f course free to introduce the amended answer and explain the reasons for the change." 112 F.3d at 103. The <u>Podell</u> court further instructed that a deponent who had made a change to his deposition testimony through an errata sheet was "not entitled to have his altered answers take the place of the original ones, his changed answers became simply a part of the record generated during discovery." <u>Id.</u> This is further supported by <u>Zusy v. International Medical Group, Inc.</u>, 500 F.Supp.2d 1087,1094, (S.D.Ind. 2007),  in which the plaintiff, under Rule 30(e), was allowed to review the transcript of his deposition and to make any changes as to "form or substance". The <u>Zusy</u> court went on to further instruct that "The deponent may exercise this privilege by signing a statement reciting the changes and his reasons for making them. If the deponent exercises this right properly, both the original answers and the revised answers and the accompanying explanations become part of the record." <u>Id.</u>

Consequently, the Magistrate Judge declines to follow the narrow interpretation of Rule 30(e) put forth by Hodak. The Magistrate Judge finds that the more appropriate interpretation of Rule 30(e) allows for changes to the deposition testimony, regardless of the nature of those changes. This approach is best summarized by the court in <u>Lutgig v. Thomas</u>, <u>supra</u>, in which that court stated "Rule 30(e) permits changed deposition testimony answers of any sort…even those which are contradictory or unconvincing." 89 F.R.D. at 641. Therefore, for the above mentioned reasons, no portions of the errata sheet attached to Gordon's deposition testimony shall be stricken from the record.

### III. CONCLUSION

In summary, for all of the foregoing reasons, the Magistrate Judge concludes that no portions of the errata sheet attached to Gordon's deposition testimony shall be stricken from the record.

The court further concludes that the defendant's position on the errata sheet issue is substantially justified, therefore the plaintiff is not entitled to recover sanctions against the defendant.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Hodak's Motion to Strike Portions of the Errata Sheet Attached to Bryan Gordon's Deposition Testimony [DE #73] is **DENIED**.

This 25th day of June, 2008.

Signed By:

James B. Todd

United States Magistrate Judge