UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

KEN HODAK,                        )
                                  )
    Plaintiff,                    )   Civil Action No. 5:07-5-JMH
                                  )
v.                                )
                                  )
MADISON CAPITAL MANAGEMENT,       )
LLC, et al.,                      )   **MEMORANDUM OPINION AND ORDER**
                                  )
    Defendants.                   )
                                  )

** **     ** **     ** **     ** **     ** **

This matter is before the Court on Plaintiff's Motion to Reconsider [Record No. 81] the Memorandum Opinion and Order regarding Hodak's Motion to Compel Deposition Testimony rendered by Magistrate Judge James B. Todd on June 5, 2008 [Record No. 80]. As Plaintiff seeks relief pursuant to Fed. R. Civ. P. 72(a), the Court understands Plaintiff to raise objections to the Magistrate Judge's order. Defendants have responded [Record No. 86], and Plaintiff has replied [Record No. 88]. The Court being sufficiently advised, Plaintiff's objections to Magistrate Judge Todd's order are now ripe for consideration.

## I.   BACKGROUND

Plaintiff's action against his former employer, UAR GP Services, LLC (hereinafter, "UAR GP Services"), and six other companies challenges the termination of his employment by UAR GP Services. At issue is whether UAR GP Services had cause to

-1-

terminate the employment agreement by and between Hodak and UAR GP Services.   During the discovery phase of this matter, several individuals were deposed in an effort to discover information about this termination.

Chauncey Curtz, who serves as a consultant to Defendants UAR and the Madison groups and was formerly employed as Chairman of the Board of UAR GP Services, LLC, was deposed on January 22, 2008. Bryan Gordon, Managing Director for UAR GP Services and the person who decided to terminate Plaintiff's Employment Agreement, was deposed on February 21, 2008.   Jonathan Baum, former general counsel and, then, outside counsel for Defendants, was deposed on March 20, 2008.

In Curtz' deposition, the following exchange occurred:

> Q:   Did you make any recommendations to Bryan Gordon about terminating Ken Hodak?
>
> A:   I don't remember making a specific recommendation.
>
> Q:   One way or the other, did you make any specific recommendation?
>
> A:   I don't recollect making a specific recommendation one way or the other.

[Record No. 86-2, Curtz Depo. at 167.]

During Gordon's deposition, counsel asked Gordon for the specific reasons why Plaintiff Hodak's employment was terminated. This line of questioning elicited lengthy responses as to why Hodak's employment was terminated.   [Record No. 86-3, Gordon depo.

at 100-101.] When asked for any additional reasons, Gordon testified that:

> Much of the input that I obtained about Mr. Hodak that ultimately resulted in the final decision to terminate him was part and parcel of conversations with counsel, and those conversations are privileged, and I'm not prepared to discuss those.

*Id.*, Gordon depo. at 101.] Upon further questioning, Gordon testified that his decision to fire Mr. Hodak was "in part" as a result of following the advice of counsel received from Baum. [*Id.*, Gordon depo. at 103.]

Jonathan Baum has testified that he played no role in the decision to terminate Plaintiff's employment other than as a legal advisor to a client and, thus, declined to answer questions about conversations in which he provided legal advice. [Record No. 86-4, Baum depo. at 49-50, 88-89.]

By a motion to compel, Plaintiff sought to discover the communications in which legal advice was sought and provided with regard to UAR GP Services' decision to terminate Plaintiff Hodak's employment as relevant, and thus, discoverable. Defendants assert that these communications, the fact of which was related by Curtz, Gordon, and Baum are subject to attorney-client privilege and not discoverable. Plaintiff counters that Defendants have placed advice-of-counsel at issue and has, thus, waived attorney-client privilege for purposes of this lawsuit. On these grounds, Plaintiff seeks to compel these three witnesses to respond to

-3-

deposition questions about communications with counsel which Defendants assert to be privileged, pre-termination communications.

By his order [Record No. 80], dated June 5, 2008, Magistrate Judge Todd denied Plaintiff's Motion to Compel Deposition Testimony of Chauncey Curtz, Bryan Gordon, and Jonathan Baum pursuant to Fed. R. Civ. P. 37(a)(3)(B)(I). Plaintiff now objects to that decision.

## II. DISCUSSION

The order of a magistrate judge will be set aside only upon a showing that the order is contrary to the law or clearly erroneous. Fed. R. Civ. P. 72(a). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). If there are two plausible views of a matter, then a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).

In his motion, Plaintiff argues that the magistrate judge wrongly denied his motion to compel testimony which relates to Defendants' reasons for justifying his termination, even if that testimony would otherwise be subject to attorney-client privilege. Plaintiff argues that such testimony is relevant to the subject matter of this lawsuit and, thus, discoverable under Fed. R. Civ. P. 26(b)(1) ("parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

-4-

defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). Specifically, he argues that there has been a waiver of the attorney-client privilege in this matter because Defendants, as the party asserting the privilege, have placed it "in issue" by relying on "advice of counsel." As such, he argues that the magistrate judge's order denying his motion to compel was contrary to law and clearly erroneous. For the reasons which follow, Plaintiff's argument is not well-taken, and his objections shall be overruled.

Advice of counsel is not placed "in issue" during litigation simply because it is mentioned by a party:

> Advice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant manner. The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication.

*Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994); *see also Ross v. City of Memphis*, 423 F.3d 596, 605 (6th Cir. 2005) (privilege may be implicitly waived when defendant asserts claim that requires examination of protected claims in the interest of fairness). An otherwise privileged communication is placed in issue when a party "seeks to take advantage of the privileged communications themselves," which situation is not

presented in the instant matter. *Harter v. Univ. of Indianapolis*, 5 F.Supp.2d 657, 665 n.2 (S.D. Ind. 1998). Simply stated, Defendants do not seek to defend this matter on grounds that advice received from Baum could insulate them from liability nor have they raised that advice as an affirmative defense. None of the Defendants, by and through deponents Gordon, Curtz, or Baum or anyone else, have placed the advice received from counsel "in issue."

Further, insofar as Plaintiff claims that privilege was waived simply because Gordon and Baum disclosed that consultation with counsel occurred, the Court disagrees. Had any of the deponents disclosed some aspect of the confidential communication with counsel, that might have served to waive some or all of the privilege to those communications, but, "[i]n general, the fact of legal consultation . . . [is] not deemed privileged." *Humphreys, Hutcheson and Moseley v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985) (internal citations omitted). The privilege which attaches to the substance of the communications is not waived because the fact that the communication occurred is disclosed. Indeed, deponents and counsel were obligated to raise the claim of privilege expressly and to describe the nature of the communications so as to enable Plaintiff to assess the claim of privilege without revealing the substance of the privileged communications in a way that would constitute a waiver. Fed. R.

-6-

Civ. P. 26(b)(5)(A).  The fact that a deponent admitted that he sought legal advice from counsel, provided legal advice, or received legal input from counsel during the decision-making process which resulted in the termination of Plaintiff Hodak's employment is not enough to warrant an intrusion into the privileged communications between attorney and client.

Finally, the Court notes that Plaintiff's Motion to Compel raised the issue of whether privilege was waived, not whether the communications were, in fact, subject to attorney-client privilege in the first place.  The question of whether the communications were subject to privilege in the first place was raised for the first time in Plaintiff's reply in support of its Motion to Compel and, thus, was not properly before the Magistrate Judge. *Resolution Trust Corp. v. Townsend Assocs. Ltd. P'ship,* 840 F.Supp. 1127, 1142 (E.D. Mich. 1993) (citing *United States v. Jerkins*, 871 F.2d 598 (6th Cir. 1989); 16C Charles Alan Wright, et al., *Fed. Practice and Procedure Civil*, § 3974); *see also Hunt v. Big Lots Stores, Inc.*, 244 F.R.D. 394, 397 (N.D. Ohio 2007).  It is no more appropriately raised as part of Plaintiff's objections to the Magistrate Judge's decision before the undersigned.  *See Jesselson v. Outlet Assocs. of Williamsburg Ltd. P'ship*, 784 F.Supp. 1223, 1228-29 (E.D. Va. 1991) ("A magistrate's decision should not be disturbed on the basis of arguments not presented to him."); *see also Exide Techs. v. KMart Corp.*, No. 07-cv-11269, 2008 WL 2411094,

at *1 (E.D. Mich. Jun. 23, 2008). Accordingly, the Court will not consider this argument further.

**III. CONCLUSION**

For all of the reasons stated above, Plaintiff has failed to demonstrate that Magistrate Judge Todd's order denying Hodak's Motion to Compel Deposition Testimony is contrary to the law or clearly erroneous. Fed. R. Civ. P. 72(a).

Accordingly, **IT IS ORDERED** that Plaintiff's objections [Record No. 81] to Magistrate Judge Todd's June 5, 2008, Order shall be, and the same hereby are, **OVERRULED**.

This the 28th day of July, 2008.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge