UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

KEN HODAK,                          )
                                    )
        Plaintiff,                  )   Civil Action No. 5:07-5-JMH
                                    )
v.                                  )
                                    )
MADISON CAPITAL MANAGEMENT,         )
LLC, et al.,                        )   **MEMORANDUM OPINION AND ORDER**
                                    )
        Defendants.                 )
                                    )

**          **          **          **          **

This matter is before the Court on Plaintiff's Motion to
Reopen Discovery, for Extension of Time, and for Continuance
[Record No. 92].  Defendants have responded [Record No. 94], and
Plaintiff has filed a Reply [Record No. 95].  The Court being
sufficiently advised, this motion is ripe for consideration.

In his motion, filed July 22, 2008, Plaintiff requests that
the Court reopen discovery, extend time, and continue the remaining
scheduling deadlines, including the trial date and the deadline to
respond to the currently pending Motions for Summary Judgment
[Record Nos. 87, 90, and 91], filed on July 11.  Plaintiff argues
that such relief is necessitated by late-breaking discovery
received from Defendants, which must be reviewed and considered
before the matter can proceed further.  For the reasons which
follow, the Court is not persuaded, and Plaintiff's motion shall be
denied.

I.    **BACKGROUND**

The period for discovery in this matter, as ordered by the Court, expired on April 30, 2008.  Although discovery opened on June 19, 2007, Plaintiff sent its first and only set of interrogatories to Defendant Madison Capital on January 9, 2008, asking in Request for Production No. 2 that Madison Capital produce all documents in its possession "regarding Plaintiff." Dissatisfied with Madison Capital's response, Plaintiff filed the Motion to Compel Interrogatory Answers on April 9, 2008, which was denied without prejudice based on Plaintiff's failure to follow proper procedure (i.e., arranging for a telephone conference with the Magistrate Judge to informally resolve the discovery dispute). On April 23, 2008, the motion to compel was reinstated following a telephone conference, during which the parties were unable to informally resolve the discovery dispute.  Defendants filed a response on May 2, 2008, and a reply was filed by Plaintiff on May 9, 2008.

On June 5, 2008, the Magistrate Judge entered an order granting in part and denying in part the relief requested.  In relevant part, Magistrate Judge Todd held that Madison Capital's objection to the breadth of the request was conditionally sustained, but ordered that Madison Capital produce any documents it had "regarding Plaintiff" out of "an abundance of caution." [Record No. 79 at 13-14.]  Magistrate Judge Todd ordered Madison

2

Capital Management, LLC, to supplement its discovery responses within fifteen days as set forth in the order.

Plaintiff complains that, while the order required Madison Capital to provide those supplementary responses no later than June 20, 2008, Madison Capital waited until July 9, 2008, before supplementing those responses by delivering a CD-ROM containing 945 documents to counsel for Plaintiff. As the Court understands it, however, Madison Capital served its supplemental responses on June 20, 2008, and agreed to make the requested documents available for inspection and copying at a mutually convenient time as permitted by Fed. R. Civ. P. 34. In a June 24, 2008, letter from Hon. Roark, counsel for Plaintiff, to counsel for Defendants, Plaintiff demanded that the documents be produced by July 1, 2008. Defense counsel responded on July 1, indicating that, due to the holiday week and travel schedules, no documents could be copied and sent that week but that they would be delivered by July 9. On July 9, those documents were delivered to Plaintiff's counsel. Plaintiff made no further objections until this motion was filed.

Now Plaintiff complains that he was unable to timely review the voluminous documents produced on July 9 as his counsel, Robert L. Roark, was out of town from July 9-11 and was only able to review them on July 14, when he returned to his office.[1] Plaintiff

---

[1] Of note, four attorneys are listed as counsel of record for Plaintiff in this matter: Hon. Roark, Hon. Beth A. Bowell, Hon.

argues that "many of the documents are relevant to Hodak and to his claims and to the defenses in this action," namely discussion of his compensation package by Madison Capital employees prior to his hiring by UAR, and raise questions that can only be answered by conducting additional discovery.  Plaintiff also complains that there are unexplained redactions in many of the documents produced and that it is necessary to investigate the background of these documents through discovery and, if necessary, compel disclosure of the redacted material.  Finally, Plaintiff claims that "additional discovery is required in order to adequately respond to Defendants' Motions for Summary Judgment. . ."  [Record No. 92 at 2.]

## II.  DISCUSSION

The parties to this matter have all filed Motions for Summary Judgment pursuant to Fed. R. Civ. P. 56, and the Court will begin its analysis with Fed. R. Civ. P. 56(f):

> If a party opposing [a] motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . deny the motion; . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or . . . issue any other just order.

There is no absolute right to additional time for discovery when a party opposing a motion for summary judgment seeks relief under

Erica L. Keenan, and Hon. W. Scott Hunt.  There is no indication that all of Plaintiff's attorneys were out of town or otherwise unavailable to receive or review these documents.

4

Fed. R. Civ. P. 56(f). *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 409 (6th Cir. 1998). Rather, Plaintiff "must show how postponement of a ruling on the motion will enable him to rebut the motion for summary judgment. *Allen v. CSX Transp., Inc.*, 325 F.3d 768, 775 (6th Cir. 2003). He must explain what additional discovery is sought and how it would affect the outcome. *See id.; see also Lewis*, 135 F.3d at 409. Relief under Fed. R. Civ. P. 56(f) is properly denied where the affidavit submitted in support of the request for relief does not state how discovery would shed further light on the specific issue underlying the summary judgment motion. *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720-21 (6th Cir. 2004); *Powers v. McGuigan*, 769 F.2d 72, 76 (2d Cir. 1985) ("where the discovery sought would not meet the issue that the moving party contends contains no issue of fact, it is not an abuse of discretion to decide the motion for summary judgment without granting discovery.").

In this instance, relief is properly denied as there has been no affidavit submitted in support of Plaintiff's motion at all. All the Court has to consider is Plaintiff's bald assertion that "additional discovery is required in order to adequately respond to Defendants' Motions for Summary Judgment. . ." [Record No. 92 at 2.] Merely mentioning in a brief that more discovery is desired is insufficient. *See Guarary v. Winehouse*, 190 F.3d 37, 43-44 (10th Cir. 2000). Certainly, the Court must afford the parties adequate

time for discovery, in light of the circumstances of the case, before ruling on summary judgment motions, *Plott v. General Motors Corp.*, 71 F.3d 1190, 1195 (6th Cir. 1995), but Plaintiff has provided no reason for this Court to believe that adequate time for discovery has not been had with regard to the issues raised in the motions for summary judgment in this matter.

Further, considering the pending motions for summary judgment and Plaintiff's inability to obtain relief under Fed. R. Civ. P. 56(f) for the reasons set out above, reopening discovery would cause further delay and prejudice to Defendants, who have completed their discovery and are awaiting a decision from the Court. Until these motions are resolved, the "good cause" required to modify the scheduling order and reopen discovery under Fed. R. Civ. P. 16(b)(4) cannot be shown because of the potential of that prejudice to Defendants. *Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (modification of scheduling order rests in sound discretion of trial court and must include consideration of possible prejudice to party opposing modification); *see Metro Produce Distribs. v. City of Minneapolis*, 473 F.Supp.2d 955, 964 (D.Minn. 2007) (permitting amendment of answer would necessitate reopening of discovery, which would cause further delay and prejudice to opposing party where dispositive motions were pending and discovery was otherwise complete).

## III. CONCLUSION

For all of the above-stated reasons the Court will not reopen discovery, extend time for responses to the pending motions for summary judgment, or otherwise grant a continuance of all pre-trial and trial dates.  Should any claims remain following the Court's ruling on the motions for summary judgment, Plaintiff is free to renew his motion to reopen discovery and continue deadlines per Fed. R. Civ. P. 16(b) at that time, if necessary.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Reopen Discovery, for Extension of Time, and for Continuance [Record No. 92] shall be, and the same hereby is **DENIED.**

This the 28th day of July, 2008.



**Signed By:**

**_Joseph M. Hood_**

**Senior U.S. District Judge**

7