```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| KEN HODAK, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Action No. 5:07-5-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| MADISON CAPITAL MANAGEMENT, | ) | |
| LLC, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
|     Defendants. | ) | |
| | ) | |

          **    **    **    **    **

This matter is before the Court on Plaintiff's Motion to Reconsider the Memorandum Opinion and Order regarding Hodak's Motion to Strike Portions of the Errata Sheet Attached to Bryan Gordon's Deposition Testimony and for Sanctions rendered by Magistrate Judge James B. Todd on June 25, 2008 [Record No. 85]. As Plaintiff seeks relief pursuant to Fed. R. Civ. P. 72(a), the Court understands Plaintiff to raise objections to the Magistrate Judge's order. Defendants have responded [Record No. 93]. The time for reply has expired, and Plaintiff has not replied. The Court being sufficiently advised, Plaintiff's objections to Magistrate Judge Todd's order [Record No. 82] are now ripe for consideration.

Plaintiff's action against his former employer, UAR GP Services, LLC (hereinafter, "UAR GP Services"), and six other companies challenges the termination of his employment by UAR GP Services. At issue is whether UAR GP Services had cause to

terminate the employment agreement by and between Hodak and UAR GP Services. UAR GP Services has also filed a counterclaim alleging that Hodak breached a non-competition agreement and breached his fiduciary duty to UAR GP Services in actions taken during his subsequent employment.

In the order at bar, Magistrate Judge Todd denied Plaintiff's motion to strike the errata to Bryan Gordon's deposition, finding that the errata were permissible under Fed. R. Civ. P. 30(e) and noting that both the original answers and revised answers are in the record and can be used as the parties deem appropriate. The order of a magistrate judge will be set aside only upon a showing that the order is contrary to the law or clearly erroneous. Fed. R. Civ. P. 72(a). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). If there are two plausible views of a matter, then a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). For the reasons which follow, the Court is not persuaded that the decision of the magistrate judge was clearly erroneous.

Fed. R. Civ. P. 30(e) provides that a deponent, upon request, is allowed thirty days to review the transcript and, "if there are changes in form or substance, to sign a statement listing the

changes and reasons for making them." Fed. R. Civ. P. 30(e)(1)(B). Nonetheless, Plaintiff contends that the revisions on the errata sheet for pages 94 and 105-109 of Gordon's deposition, among other reasons "to be consistent with other testimony in the transcript," must be stricken because they alter the substance of Gordon's testimony under oath for no justifiable reason.

Having carefully reviewed the opinion of the magistrate judge, the arguments of the parties, and the relevant law, the Court concludes that Plaintiff has failed to demonstrate that the decision of Magistrate Judge Todd was clearly erroneous. The undersigned concurs with the Magistrate judge that a fairly broad interpretation of Fed. R. Civ. P. 30(e) is correct when applied to changes made to deposition testimony through an errata sheet which permits deponents to "make changes in form or substance to their testimony and to append any changes that are made to the filed transcript" when a statement reciting the changes and reasons is provided. *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997); *see Tingley Systems, Inc. v. CSC Consulting, Inc.*, 152 F.Supp.2d 95, 120 (D. Mass. 2001); *United States ex rel. Barbara Burch v. Piqua Engineering*, 152 F.R.D. 565, 566-67 (S.D. Ohio 1993); *see also Summerhouse v. HCA Health Services of Kansas*, 216 F.R.D. 502, 505-07 (D.Kan. 2003) (describing as majority view that substantive changes may be made under Fed. R. Civ. P. 30).

Defendant argues that "[a]llowing a witness to change his

3

deposition before trial eliminates the likelihood of deviations from the original deposition in his testimony at trial; reducing surprises at the trial through the use of Rule 30(e) is an efficient procedure." The Court agrees that such is the case, and notes that Hodak will not suffer undue prejudice from the corrections as both the original and corrected testimony remain in the record. *See Lugtig v. Thomas*, 89 F.R.D. 639, 641-42 (N.D.Ill. 1981) ("[n]othing in the language of Rule 30(e) requires or implies that the original answers are to be stricken when changes are made.").

Accordingly, **IT IS ORDERED** that Plaintiff's objections [Record No. 85] to Magistrate Judge Todd's Order shall be, and the same hereby are, **OVERRULED**.

This the 18th day of August, 2008.



**Signed By:**
*Joseph M. Hood*
**Senior U.S. District Judge**