```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| KEN HODAK, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:07-5-JMH |
| ) | |
| v. ) | |
| ) | |
| MADISON CAPITAL MANAGEMENT, ) | |
| LLC, et al., ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

                    **   **   **   **   **

On August 19, 2008, this Court ordered Defendant/Counter-Plaintiff UAR GP Services, LLC (hereinafter, "UAR GP Services"), to show cause why the only remaining claims in this matter, its counterclaims for breach of contract and fiduciary duty against Plaintiff/Counter-defendant Hodak, should not be dismissed within ten days [Record No. 106]. Defendant/Counter-Plaintiff UAR GP Services timely filed a response [Record No. 112], and the Order to show cause was discharged [Record No. 114]. UAR GP Services also filed a Motion for Voluntary Dismissal [Record No. 115]. Hodak has filed a response [Record No. 116], and UAR GP Services has filed a Reply in support of its motion [Record No. 117].

By virtue of its motion, UAR GP Services wishes to voluntarily dismiss without prejudice its counterclaim for Hodak's alleged breach of the parties' Non-Competition Agreement pursuant to Fed. R. Civ. P. 41(a)(2). Hodak opposes UAR GP Services' Motion for

-1-

Voluntary Dismissal Without Prejudice and requests, instead, that the Court dismiss Plaintiff's claim with prejudice.  The Court being sufficiently advised, this motion is now ripe for decision.

Fed. R. Civ. P. 41(a)(2) provides that a voluntary dismissal without prejudice must take place by court order as follows:

> Except as provided in Rule 41(a)(1)[1], an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

In this regard, the Court notes that:

> Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court. *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974).  The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment.  *Ikospentakis v. Thalassic S.S. Agency,* 915 F.2d 176, 177 (5th Cir. 1990).  Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit.

---

[1] Fed. R. Civ. P. 41(a)(1) provides that a plaintiff may voluntarily dismiss an action without a court order where that party files a "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared." Neither of these circumstances being applicable with regard to the Counterclaim, the Court shall proceed pursuant to Fed. R. Civ. P. 41(a)(2).

>  *Cone v. West Virginia Pulp & Paper Co.,* 330
>  U.S. 212, 217 (1947); *Kovalic v. DEC Int'l,
>  Inc.,* 855 F.2d 471, 473 (7th Cir. 1988).

*Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

In determining whether a defendant will suffer plan legal prejudice, this Court considers such factors as:

> . . . defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Id*. at 718 (citing *Kovalic,* 855 F.2d at 474).

In light of these factors, Hodak argues that dismissal without prejudice at this juncture would be an abuse of discretion by this Court as he has undertaken "great effort and expense in order to prepare for trial with respect to UAR's counterclaims." Specifically, he "incurred the expense of traveling to Tennessee and deposing multiple National Coal executives specifically in order to defend against the counterclaims," depositions which would not have taken place but for the purpose of defending the counterclaims. Further, Hodak prepared written discovery requests and discovery responses related to those counterclaims and spent time reviewing documents relevant to the counterclaims, all at some expense.

Neither these depositions nor written discovery requests and responses constitute trial preparation. They were part of discovery and cannot serve as grounds for denying UAR GP Services' motion. Perhaps anticipating this flaw in his argument, Hodak argues that, in light of his preparation of a defense to the counterclaim, "it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice" at this juncture.[2] *Grover*, 33 F.3d at 719. The Court disagrees. There has been no excessive delay in UAR's part in prosecuting the counterclaim as it proceeded alongside the Plaintiff's prosecution of his claim, now dismissed, and UAR GP Services' explanation for needing to take a dismissal without prejudice – avoiding further cost of litigating a counterclaim in a matter it never wished to litigate in the first place and in which there exist disputed material facts – is clearly sufficient. Perhaps most poignantly, there has never been any pending summary judgment by Hodak with regard to the counterclaim.[3]

---

[2] Hodak also argues that there is "insufficient explanation" by UAR GP Services for the need to take dismissal without prejudice.

[3] The Court notes that, upon such a motion, it must protect Hodak, the non-movant, from unfair treatment. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Ikospentakis v. Thalassic S.S. Agency,* 915 F.2d 176, 177 (5th Cir. 1990)). The Court need not, however, protect Hodak from himself. Hodak's efforts to persuade the Court to dismiss the counterclaim with prejudice now – after the time for dispositive motions has passed and after he failed to take advantage of that opportunity if he believed relief to be warranted – is too little too late.

Indeed, contrary to Hodak's assertions, the case at bar is not like that presented in *Grover*, in which the district court abused its discretion in dismissing claims without prejudice. In *Grover*, the district court dismissed the complaint without prejudice only after the defendant was forced to litigate for five years before the plaintiffs requested certification of a question to the Ohio Supreme Court, expended the time and money of presenting the legal issue to the Ohio Supreme Court, and succeeded obtaining a decision in its favor on what the plaintiffs had termed the "determinative" legal issue so certified to the Ohio Supreme Court. *Id.* at 718. "At the point when the law clearly dictates a result for the defendant, it is unfair to subject [a defendant] to continued exposure to potential liability by dismissing the case without prejudice," but such a situation is not presented in the case before this Court. *Id.* at 719 (citing *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984); *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989); *Ikospentakis*, 915 F.2d at 176).

Ultimately, UAR GP Services is the master of its counterclaim, and the mere possibility that Hodak might face a second lawsuit in the future is not enough to show that Hodak would suffer plain legal prejudice. Accordingly, the Court will permit UAR GP Services to pursue its perfectly legitimate aims – ending the lawsuit pending before this court and avoiding further costs at

-5-

this juncture – by dismissing its counterclaim without prejudice.

Accordingly, **IT IS ORDERED** that UAR GP Services' Motion for Voluntary Dismissal without prejudice [Record No. 115] shall be, and the same hereby is, **GRANTED**.

This the 31st day of October, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge