```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON

KEN HODAK,                         )
                                   )
      Plaintiff,                   )   Civil Action No. 5:07-5-JMH
                                   )
v.                                 )
                                   )
MADISON CAPITAL MANAGEMENT,        )
LLC, et al.,                       )   MEMORANDUM OPINION AND ORDER
                                   )
      Defendants.                  )
                                   )

                    **    **    **    **    **
```

This matter is before the Court on Defendants' Motion for Attorney Fees [Record No. 121]. Plaintiff has filed a Response in Opposition [Record No. 123], and Defendants have filed a Reply in further support of their motion [Record No. 126]. This motion is now ripe for decision.

**I.   The Motion Is Properly Before This Court**

Fed. R. Civ. P. 54(d) authorizes this Court to grant attorney's fees and related nontaxable expenses upon a motion specifying the grounds entitling the movant to the award. In this instance, pursuant to LR 54.4, the motion was timely filed within 30 days after entry of judgment by Defendants. Further, while Plaintiff's September 22, 2008 [Record No. 120], Notice of Appeal generally divested this Court of jurisdiction over the issues taken up on appeal, it is well-settled that the Court retains jurisdiction to rule on "collateral matters not involved in the

appeal[,]" such as a motion for an award of attorney's fees.[1] *Fieldturf, Inc. v. Southwest Recreational Indus., Inc.*, 212 F.R.D. 341, 343-44 (E.D. Ky. 2003). Accordingly, this motion is properly before the Court.

**II. Discussion**

    **A. This Matter Presents an Exception to the American Rule**

As a general matter, under the "American Rule," each party bears its own attorney's fees "absent statutory authorization or an established contrary exception." *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (quoting *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985)). There exist, however, exceptions to this rule. For example, fees may be shifted by statute or sanctions awards made pursuant to statute or the Court's inherent power. In this instance, Movants have cited a fee-shifting provision in a May 12, 2006, "Non-Competition, Confidential Information, and Invention Agreement" (hereinafter, "Agreement") by and between UAR GP Services and Hodak. Such agreements are enforceable under Kentucky contract law and can

---

[1] Plaintiff argues that it is premature for the Court to grant an award of fees and costs because UAR GP Service's Counterclaim remains pending. The Court disagrees. Movants have clearly indicated in their pleadings that they do not and will not seek to recover for fees and expenses associated with the counterclaims in this litigation. All other claims are subject to a final judgment. Further, even if there was some merit to Plaintiff's argument, with the contemporaneous filing of an order granting UAR GP Services' Motion to Voluntarily Dismiss its Counterclaims, all claims in this matter have been finally resolved, and this matter is finally terminated. This motion is properly before the Court.

serve as the basis for an award of attorney's fees in this Court. *See Nelson Ins. Agency, Inc. v. Famex, Inc.*, 706 S.W.2d 838, 840 (Ky. Ct. App. 1986).

Relevant to the motion before the Court today, the Agreement includes the following provision:

> In the event of any litigation or proceeding concerning any provision of this Agreement or the rights and duties of the parties hereto, the party prevailing in such litigation or proceeding shall, in addition to any other recovery in such matter, be granted the actual amount of his, her or its attorneys' fees and court and all other related costs in such matter, which fees and costs shall be reasonable for such services and goods provided in Lexington, Kentucky.

Under this provision, Defendants seek to recover fees and expenses for the defense of Counts II and III of Hodak's Complaint, which claimed breach of his Employment Agreement with Defendant UAR GP Services and sought a declaration that the covenant not to compete contained in the Non-Competition Agreement was unenforceable as a matter of law. For the reasons which follow, the motion will be granted in part and denied in part.

### B. Movants Other than UAR GP Services Are Not Entitled to Recover Fees and Expenses Under Non-Competition Agreement

As an initial matter, the Court notes that only UAR GP Services, among the movants, is a party to the Non-Competition Agreement upon which the motion is based. Accordingly, the other movants are not entitled to recover under that contract, and only

-3-

UAR GP Services can recover its fees and expenses on this motion. As the movants have specifically disclaimed any effort to recover for litigation arising out of claims directed at the other defendants – including piercing the corporate veil – and seek to recover only for fees and expenses arising out of litigation of those claims directed at UAR GP Services, there can be no question that the fees and expenses incurred and now sought were those incurred by UAR GP Services, and not its co-defendants. The flaw in the pleading is, thus, easily remedied. The motion shall be denied as to all movants except UAR GP Services.

> **C. UAR GP Services Is Entitled to Recover Reasonable Expenses and Costs Arising From Its Defense of Counts II and III of Plaintiff's Complaint**

In Count II of his Complaint, Plaintiff complained of breach of UAR GP Services' Employment Agreement with Hodak. Specifically, Plaintiff claimed that he was discharged without the procedure that should have accompanied a termination without cause. UAR GP Services defended the matter on the grounds that Hodak was terminated for cause – specifically for his violation of the Non-Competition Agreement by way of multiple breaches of confidentiality – and that the provisions for termination without cause were not applicable. Thus, both the issue of the alleged breach of the Employment Agreement and the issue of Hodak's breach of the confidentiality requirements of the Non-Competition Agreement were litigated to the bitter end, resolved only on cross-

motions for summary judgment and by this Court's August 19, 2008, Order [Record No. 107]. That Order granted summary judgment in favor of Defendant UAR GP Services and found, ultimately, that UAR GP Services dismissed Plaintiff for breaches of his duty of confidentiality, i.e., for cause, and did not breach its agreement to follow a different set of procedures in the event of a termination without cause.

Thus, UAR GP Services has correctly stated that the litigation of Count II of Plaintiff's complaint – truly the central claim in this case – concerned the rights and duties of the parties to the Non-Competition Agreement even if it was, on its face, a claim for breach of the Employment Agreement. The litigation engendered by that claim fall squarely within the fee-shifting provision of that Agreement as "litigation or proceeding concerning any provision of this [Non-Competition] Agreement or the rights and duties of the parties hereto." As UAR GP Services ultimately obtained summary judgment on these grounds, UAR GP Services is the prevailing party as required for relief under the fee-shifting provision and shall be awarded its fees and expenses as to its defense of Count II accordingly.

With regard to Count III of his Complaint, Plaintiff initially sought a restraining order and a preliminary injunction enjoining UAR GP Services from enforcing the covenant not to compete contained in the Non-Competition Agreement. [Record Nos. 3, 4.]

That motion was fully litigated before this Court, and the Court denied Plaintiff's requests for a temporary restraining order on January 17, 2007, and a preliminary injunction on September 28, 2007.  [Record Nos. 8 and 35.]  UAR GP Services eventually granted Plaintiff a limited waiver from the terms of the Non-Competition Agreements so that he could take a job that he desired.  Defendants then moved for dismissal of Count III, a motion which Plaintiff resisted even though he acknowledged that his employment was no longer restricted by the contract because he sought damages and attorney's fees for the allegedly wrongful enforcement of the Agreement.  [Record Nos. 47, 48.]  The Court permitted a portion fo the claim to go forward on that basis, but ultimately granted summary judgment to Defendant UAR GP Services on Count III.[2] [Record Nos. 55, 91 and 106.]

Clearly, proceedings related to Count III, including all of those mentioned in the paragraph above, fall within the purview of the fee-shifting provision of the Non-Competition Agreement – they are "litigation or proceeding concerning any provision of

---

[2]Plaintiff has argued that UAR GP Services is "not entitled to any fees which occurred during [the] time period [February 2007 through the expiration of the non-competition portion of the agreement in September 2007]" since UAR GP Services waived the relevant portion of the Agreement during that time and, thus, "there was no litigation relating to the [Agreement]."  [Record No. 123 at 3-4.]  As Count II remained pending during that period, the waiver notwithstanding, and ultimately required further litigation to reach a resolution, there is no merit to Plaintiff's argument.

this [Non-Competition] Agreement or the rights and duties of the parties hereto." Further, as Defendant UAR GP Services both successfully resisted Plaintiff's efforts to obtain a temporary restraining order and a preliminary injunction then ultimately obtained a complete dismissal of Count III, there is no doubt that Defendant UAR GP Services was the prevailing party. As such, UAR GP Services is clearly due reasonable fees and expenses as set forth in the Non-Competition Agreement for its defense of Count III.

**D.   The Fees and Expenses are Reasonable**

UAR GP Services has set forth sufficient and unchallenged evidence of attorneys fees and expenses associated with its defense of Counts II and III through the Declaration of Sadhna G. True and the exhibits thereto. [Record No. 121-4, 121-5, 121-6, and 121-7]. By means of the Declaration of Wendy Bryant Becker, [Record No. 121-8], UAR GP Services has further established that the hourly rates charged by the attorneys are "reasonable for such services . . . provided in Lexington, Kentucky." The Court finds as such. Further, the Court has considered the evidence submitted and finds that the hours expended, the fees incurred, and the expenses reported therein for the defense of Counts II and III of Plaintiff's Complaint are not only "reasonable for such services and goods provided in Lexington, Kentucky," but also represent "the actual amount of [UAR GP Services'] fees and court and all other

-7-

related costs in such matter" as required by the fee-shifting provision of the Non-Competition Agreement, with the exception of those costs already taxed and any fees and costs incurred since the time of their submission. Accordingly, UAR GP Services shall be awarded $169,106.61 for its legal fees incurred in defending Count II, $18,412.45 for its legal fees incurred in defending Count III, and $10,507.69 for nontaxable litigation expenses actually incurred by UAR GP Services in defending this portion of the case, for a total award of $198,026.75.

### III. Conclusion

For all of the reasons stated above, **IT IS ORDERED** that Defendants' Motion for Attorney Fees [Record No. 121] shall be, and the same hereby is, **GRANTED IN PART AND DENIED IN PART**.

This the 31st day of October, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge