```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

```
KEN HODAK,                       )
                                 )
     Plaintiff,                  )   Civil Action No. 5:07-5-JMH
                                 )
v.                               )
                                 )
MADISON CAPITAL MANAGEMENT,      )
LLC, et al.,                     )   MEMORANDUM OPINION AND ORDER
                                 )
     Defendants.                 )
                                 )
```

     \*\* \*\* \*\* \*\* \*\*

This matter is before the Court on two motions: Plaintiff's Motion to Alter or Amend Judgment Granting Defendants' Motion for Attorneys' Fees [Record No. 131] and Plaintiff's Motion to Alter or Amend Judgment Dismissing Defendants' Counterclaims Without Prejudice [Record No. 132]. Defendant UAR GP Services, LLP (hereinafter, "UAR GP Services"), has filed a Response in Opposition to the Motion to Alter or Amend Judgment Granting Defendants' Motion for Attorneys' Fees [Record No. 137] and a Response in Opposition to Plaintiff's Motion to Alter or Amend Judgment Dismissing Defendants' Counterclaims Without Prejudice [Record No. 138]. Hodak has filed Replies in further support of each of his motions [Record No. 143 and 145]. The Court being sufficiently advised, these motions are now ripe for decision.

**I. Plaintiff's Motion to Alter or Amend**

Under Fed. R. Civ. P. 59(e), a motion to alter or amend a

judgment can be granted where "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted); *see also Tritent Int'l Corp. v. Kentucky*, 395 F. Supp. 2d 521, 523 (E.D. Ky. 2005) (same). A Rule 59(e) motion is not "an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Plaintiff requests that the Court alter or amend the Court's October 31, 2008, Judgment [Record No. 130], which requires Plaintiff Hodak to pay $198,025.75 to Defendant UAR GP Services for its fees and expenses incurred in defending Counts II and III of the Complaint, and the portion of the October 31, 2008, Judgment [Record No. 130] which dismissed UAR GP Services' counterclaim without prejudice. Plaintiff, however, has not made any allegations regarding a change in the controlling law for this case. Hodak has not presented any newly discovered evidence, nor has he persuaded this Court that the judgment contained any clear errors of law.

Rather, Hodak has rehashed his arguments, already presented to this Court upon the original pleadings of the parties. Simply stated, these stale arguments are no more persuasive now than they were before – even with the addition of Hodak's conclusory assertions that the Court has somehow acted inappropriately,

dishonestly, or in a fashion that was blatantly unfair in reaching its conclusions with regard to the motion for attorney's fees. Having reviewed its earlier decisions, the Court remains firmly persuaded that it reached decisions which are properly founded on the facts before the Court and reflect a correct application of the relevant law.  The fact that Hodak does not agree with the Court's decisions does not warrant relief under Rule 59(e), and his motions shall be denied.

**III. Conclusion**

For all of the reasons stated above, **IT IS ORDERED**:

(1) that Plaintiff's Motion to Alter or Amend Judgment Granting Defendants' Motion for Attorneys' Fees [Record No. 131] shall be, and the same hereby is, **DENIED**;

(2) that Plaintiff's Motion to Alter or Amend Judgment Dismissing Defendants' Counterclaims Without Prejudice [Record No. 132] shall be, and the same hereby is, **DENIED**.

This the 12th day of December, 2008.



Signed By:
_Joseph M. Hood_
Senior U.S. District Judge