```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| KEN HODAK, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MADISON CAPITAL MANAGEMENT, )<br>LLC, et al., )<br>)<br>    Defendants. )<br>) | Civil Action No. 5:07-5-JMH<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

                    **      **      **      **      **

This matter is before the Court on several motions, among them Plaintiff's Motion for Attorneys' Fees [Record No. 136] and Plaintiff's Motion for Stay of Proceedings to Enforce Judgment [Record No. 135]. Defendant UAR GP Services, LLP (hereinafter, "UAR GP Services"), has filed Responses in opposition to both motions [Record Nos. 139 and 141], and Hodak has filed replies [Record Nos. 147 and 148]. Plaintiff has also filed a Motion for Protective Order [Record No. 142], seeking relief from an obligation to participate in post-judgment discovery regarding his assets pursuant to Fed. R. Civ. P. 69(a)(2), during the pendency of his Motion for Attorneys' Fees and his Motions to Alter or Amend the Court's October 31, 2008, Judgment, both of which have now been denied. UAR GP Services has filed a Response in opposition to this motion [Record No. 144]. The Court being sufficiently advised, these motions are now ripe for decision.

-1-

**I.   DISCUSSION**

   **A.   Motion for Attorneys' Fees**

As a general matter, under the "American Rule," each party bears its own attorney's fees "absent statutory authorization or an established contrary exception." *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (quoting *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985)).  There exist, however, exceptions to this rule.  For example, fees may be shifted by statute or sanctions awards made pursuant to statute or the Court's inherent power.  In this instance, Movants have cited a fee-shifting provision in a May 12, 2006, "Non-Competition, Confidential Information, and Invention Agreement" (hereinafter, "Agreement") by and between UAR GP Services and Hodak.  Such agreements are enforceable under Kentucky contract law and can serve as the basis for an award of attorney's fees in this Court. *See Nelson Ins. Agency, Inc. v. Famex, Inc.*, 706 S.W.2d 838, 840 (Ky. Ct. App. 1986).

Relevant to the motion before the Court today, the Agreement includes the following provision:

> In the event of any litigation or proceeding concerning any provision of this Agreement or the rights and duties of the parties hereto, the party prevailing in such litigation or proceeding shall, in addition to any other recovery in such matter, be granted the actual amount of his, her or its attorneys' fees and court and all other related costs in such matter, which fees and costs shall be reasonable for such

>             services and goods provided in Lexington,
>             Kentucky.

Under this provision, Plaintiff seeks to recover his fees and expenses for the defense of UAR GP Services' Counterclaim, which claimed a breach of Hodak's Agreement with Defendant UAR GP Services by Hodak. Hodak argues that he was the prevailing party and, thus, may recover under this provision. For the reasons which follow, however, the Court finds that his position is without merit, and his motion fails.

In this instance, UAR GP Services' dismissal without prejudice of its Counterclaim did not transform Counter-Defendant Hodak into a prevailing party because the dismissal without prejudice did not effect a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). No doubt, UAR GP Services and Hodak are in the same position that they were before the Counterclaim was filed. UAR GP Services is free to bring its claims against Hodak in another action if it desires because the Counterclaim has not been adjudicated and, in this sense, the dismissal without prejudice has not altered the legal relationship of the parties to the Counterclaim. *See, e.g., Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981-82 (9th Cir. 2008); *RFR Indus. v. Century Steps., Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007) (dismissal pursuant to 41(a)(1) did not render defendant a prevailing party because "[i]n order for a defendant to be said to

have 'prevailed' as the result of a Rule 41 dismissal, the dismissal must have 'sufficient judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties.'"); *Best Indus., Inc. v. CIS BIO Int'l, Inc.*, Nos. 97-1217, 97-1412, 1998 WL 39383, *4 (4th Cir. Feb. 2, 1998) ("The purpose of a voluntary dismissal without prejudice under Rule 41(a)(2) is to permit the plaintiff to refile his suit at a later time . . . which makes it more like a draw than a victory for the defendant."); *Szabo Food Serv. v. Canteen Corp.*, 823 F.2d 1073, 1076-77 (7th Cir. 1987) ("A dismissal under Rule 41(a) is unlike a dismissal with prejudice under Rule 41(b), which enables the defendant to say that he has 'prevailed.'"); *Evers v. County of Custer*, 745 F.2d 1196, 1205 (9th Cir. 1984) ("[T]he trial court properly held that no party had prevailed on these state claims, which were dismissed without prejudice.").

Hodak relies on *Spar Gas, Inc. v. AP Propane, Inc.*, No. 91-6040, 1992 WL 172129, at *3 (6th Cir. July 22, 1992) (citing *Smoot v. Fox*, 353 F.2d 830 (6th Cir. 1965)), for the proposition that, where plaintiffs move to dismiss claims voluntarily and without prejudice pursuant to Rule 41(a)(2), courts may award costs and attorneys fees to defendants.[1]  *Spar Gas* does provide an example of

---

[1] Hodak also relies on *Hendrix v. Evenflo Co., Inc.*, No. 3:07cv133/MCR/EMT, 2007 WL 3520815 (N.D. Fla. Nov. 14, 2007), in which costs were taxed to the party taking a voluntary dismissal without prejudice and in which attorney's fees were awarded as sanctions for the claimant's pursuit of a frivolous lawsuit.  Hodak also relies on the case of *U.S. Foodservice, Inc.*

a case where a district court could properly condition a dismissal without prejudice on the payment of fees by the party seeking the dismissal. Notably, in that case, it was appropriate because the party opposing the dismissal had incurred expenses and fees in defending the claim that could not be used in a subsequent litigation between the parties. *Id.* at *1. The same situation was not presented to this Court in Hodak's response to UAR GP Services' Motion for Voluntary Dismissal Without Prejudice, nor is it presented now. In the first instance, no one has suggested that Hodak would not be able to use the defense developed in this litigation, e.g., depositions, items and information discovered, etc., in any subsequent litigation over the allegations in the Counterclaim between these parties. Second, Hodak did not ask the Court to condition the dismissal of UAR GP Services' Counterclaim on payment of his fees in the first place.[2] For this reason, the Court is not persuaded that payment of Hodak's fees would have been an appropriate condition for the dismissal without prejudice of UAR

---

*v. Shamrock Foods Company, Inc.*, 246 Fed. Appx. 570, 2007 WL 2460229 (10th Cir. Aug. 31, 2007), in which a court declined to award costs and attorneys' fees under a contractual fee-shifting provision where both parties had dismissed claims without prejudice. The Court finds these cases to be inapposite to the matter at hand.

[2]Only now does Hodak argue that the District Court erred in granting the motion for voluntary dismissal because it should have made an effort to determine the costs for which Defendants would be responsible before granting the Motion for Voluntary Dismissal under rule 41(a). This strikes the Court as too little, too late. To the extent that Hodak is again asking the Court to reconsider its earlier decision, that request is denied.

GP Services' Counterclaim and declines to be so persuaded, *ex post facto*, on this motion.

Ultimately, Hodak brought his claims and placed UAR GP Services in the position of answering and raising any compulsory counterclaims in this action. UAR GP Services prevailed in its defense of Hodak's claims and, having done so, concluded that it no longer wished to pursue its Counterclaim against Hodak, as it was entirely within its right to do. The Court is not persuaded, on these facts, that "prevailing party" status is due to a counter-defendant under a contractual arrangement where a counterclaimant elects to seek and obtains leave of court to voluntarily dismiss its counterclaim without prejudice after it has prevailed on the claims brought by the plaintiff/counter-defendant. The Court understands "prevailing party" to have its ordinary meaning and, in the absence of some "judicially sanctioned change in the legal relationship of the parties" with regard to that compulsory counterclaim, the Court concludes that an award of fees and non-taxable costs to Hodak is not merited.

**B. Motion to Stay and Motion for Protective Order**

Having resolved the issues raised by Hodak's Motion for Attorneys' Fees, there is no longer reason to stay the enforcement of the judgment or bar post-judgment discovery as requested by Hodak. Accordingly, those motions shall be denied as moot.

**II. Conclusion**

For all of the reasons stated above, **IT IS ORDERED**:

(1) that Plaintiff's Motion for Attorneys' Fees [Record No. 136] shall be, and the same hereby is, **DENIED;**

(2) that Plaintiff's Motion for Stay of Proceedings to Enforce Judgment [Record No. 135] shall be, and the same hereby is, **DENIED AS MOOT;**

(3) that Plaintiff's Motion for Protective Order [Record No. 142] shall be, and the same hereby is, **DENIED AS MOOT.**

This the 18th day of December, 2008.



Signed By:
_Joseph M. Hood_
Senior U.S. District Judge