UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

KEN HODAK,

Plaintiff,

v.

MADISON CAPITAL MANAGEMENT, LLC, et al.,

Defendants.

Civil Action No. 5:07-5-JMH

**MEMORANDUM OPINION AND ORDER**

** ** ** ** **

This matter is before the Court on Plaintiff's Motion for a Stay of Proceedings to Enforce Judgment and Motion for Approval of the Irrevocable Letter of Credit [Record No. 178]. Defendant UAR GP Services, LLC (hereinafter, "UAR GP Services"), has filed a Response, objecting to the motion [Record No. 184]. The time for reply has expired, and Plaintiff has filed nothing further in support of his Motions. The Court being sufficiently advised, these motions are ripe for consideration.

Fed. R. Civ. P. 62(d), provides that:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Hodak proposes that, in lieu of posting a supersedeas bond, that he be permitted to obtain a stay upon posting a letter of credit equal to the amount of the judgment obtained by UAR GP Services in this

case. [Record No. 178 at 2.] He has tendered, as an exhibit to his motion, an irrevocable letter of credit (hereinafter, "ILOC") guaranteed by Branch Banking and Trust Company (hereinafter, "BB&T"), which, he argues, should be more than sufficient to pay the $198,026.75 judgment, the costs, and interest thereon, if he is not successful on appeal.

As a general matter, the Court sees no reason why it should not permit an appellant to post a supersedeas bond secured by a letter of credit for a sufficient amount of funds to cover a judgment, costs, and any interest thereon, in order to obtain a stay on appeal under Fed. R. Civ. P. 62(d). *See* LR 65.5.1(a) (providing that the Court may order that other sureties, beyond those enumerated in the Rule, may be accepted as surety on a bond); *see also* LR 65.5.1(c) (enumerating those who may not serve as a personal surety on any bond). Nonetheless, the Court must carefully consider the objections lodged by UAR GP Services in its response. Specifically, UAR GP Services complains that because the ILOC expires on January 22, 2010, it will likely expire before any decision by the Court of Appeals. Next, UAR GP Services argues that the ILOC is inadequate because the amount that may be drawn on the letter of credit is tied to the final judgment, without consideration of post-judgment interest or additional litigation expenses that may be awarded following the appeal and, thus, contrary to Local Rule 65.1.1, the proposed ILOC does not provide

adequate assurance of payment if this Court's Judgment is affirmed by the Sixth Circuit Court of Appeals.[1]

Finally, UAR GP Services requests that it be permitted to pursue the allegedly fraudulent transfer of assets by Hodak even with a stay and an appropriate supersedeas bond in place. UAR GP Services explains that it has reason to believe that, on the day that it filed its affidavit seeking an order of garnishment for an investment account with sufficient assets to satisfy the Judgment, Hodak relinquished his ownership interest in that account, leaving his wife as the sole owner and placing the account beyond the reach

[1] UAR GP Services also objects, as a general matter, to letters of credit as inadequate security and, thus, inappropriate substitutes for bonds because, in contrast to a supersedeas bond obtained from a government-approved surety company, *see* LR 65.1.1(a), a letter of credit is a "not subject to supervision of its assets to the same extent as a surety company." [Record No. 184 at 6.] The Court appreciates UAR GP Services' concern that it "should not have to bear the risk that Hodak's bank will be unable to pay" in these trying financial times, *see Fed. Deposit Ins. Corp. v. Phila. Gear Corp.*, 476 U.S. 426 (1986) (letter of credit secured by contingent promissory note not protected by FDIC insurance following bank failure), but UAR GP Services offers the court only a single news article which mentions in passing that BB&T's creditworthiness may be strained at this time. The Court is not, however, persuaded on so little information that the risk is so great that no letter of credit should ever be approved as surety for a bond on appeal or, indeed, that a letter of credit drawn on BB&T would not be an appropriate surety in this matter.

No less, the Court is not persuaded that such a letter of credit would be inadequate security because it requires an affidavit "purportedly signed by an authorized representative of the beneficiary." UAR GP Services theorizes that under such language BB&T may question the validity of the affidavit and refuse to honor the letter of credit. This is nonsensical as such language appears to the court as necessary to avoid the need for adjudication of the validity of the signature upon presentation of the ILOC to BB&T for payment.

of the garnishment order. UAR GP Services contends that, based on the timing alone, a transfer of an account held in both a husband and wife’s names for years to be held in the wife’s name only on the same day that the judgment debtor learned of the impending garnishment permits an inference that the transfer was an attempt to evade the Court’s Judgment. UAR GP Services intends to seek to have the transfer set aside as fraudulent.

The Court has considered these objections and finds that some further conditions are in order to provide adequate security to the Defendant-Appellee UAR GP Services. These conditions must be met before the Court will approve a supersedeas bond secured by a letter of credit in this instance:

(1) Hodak must obtain an ILOC which contains an evergreen clause. In other words, the Court will not approve an ILOC as a surety for the bond in this case unless the ILOC will renew automatically at the conclusion of the first and every successive term until the earlier of (1) 60 days after a mandate issues following the decision of the appellate court or (2) such time as the bank gives at least 60 days notice to Hodak’s creditor, UAR GP Services, that the letter of credit will not be renewed.

(2) Further, the ILOC must clearly state that the amount to be paid upon presentation of the letter of credit is the amount of the final judgment plus costs and post-judgment

interest.

Further, no stay shall be entered in this matter until such time as Hodak presents an appropriate supersedeas bond secured by an adequate letter of credit, and the Court has approved same. Even then, the Court's approval of any bond presented will be conditioned as follows:

(3) No stay will not be in force and effect until such time as Plaintiff Hodak provides the original letter of credit to UAR GP Services *and* provides notice to this Court of having accomplished same. In this way, the Court is releasing the letter of credit to UAR GP Services for immediate presentment to BB&T should the Sixth Circuit Court of Appeals issue a mandate which affirms this Court's judgment, in whole or in part, in favor of Defendant-Appellee.

Finally, the Court is very concerned with the allegations of a fraudulent transfer of Hodak's share in an investment account to his wife which would violate, in UAR GP Services' estimation, Tenn. Code Ann. 63-3-3 (or, as the case may be, KRS 378.010). Again, so that adequate security is provided to Defendant UAR GP Services in the event that BB&T should fail to meet its obligations under the letter of credit, any stay entered in this matter upon Court approval of a bond so secured shall be conditioned as follows:

(4) Notwithstanding any stay entered by this Court, Defendant

UAR GP Services is permitted to conduct further discovery related to and otherwise pursue the allegedly fraudulent transfer of Plaintiff Hodak's ownership interest in an account with Harvest Financial Corporation (an affiliate of Mesirow Financial, Inc.) to his wife, Teresa Hodak.

Accordingly, **IT IS ORDERED** Plaintiff's Motion for a Stay of Proceedings to Enforce Judgment and Motion for Approval of the Irrevocable Letter of Credit [Record No. 178] shall be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART**, as set forth hereinabove.

This the 11th day of March, 2009.

**Signed By:**
***Joseph M. Hood***
**Senior U.S. District Judge**