UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

KEN HODAK,                        )
                                  )
        Plaintiff,                )     Civil Action No. 5:07-5-JMH
                                  )
v.                                )
                                  )
MADISON CAPITAL MANAGEMENT,       )
LLC, et al.,                      )     **MEMORANDUM OPINION AND ORDER**
                                  )
        Defendants.               )
                                  )

**        **        **        **        **

This matter is before the Court on UAP GP Services, LLC's Motion for Reconsideration of the Court's Order Granting Conditional Approval of Hodak's Irrevocable Letter of Credit and Order Holding Motion to Compel and for Sanctions in Abeyance [Record No. 192]. The Court being adequately advised, this matter is ripe for decision.

Motions for reconsideration are considered under Fed. R. Civ. P. 59(e). *Trident Int'l Corp. v. Commonwealth of Ky.*, 395 F. Supp. 2d 521, 523 (E.D. Ky. 2005). A motion for reconsideration may be granted if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). In this instance, the Court agrees with UAR GP Services that a manifest injustice would result from Hodak's compliance with its March 11,

2009, Order for the reasons which follow.[1]

The irrevocable letter of credit envisioned by the Court, even with the required evergreen clause, would not offer UAR GP Services adequate protection.  This is because, if the irrevocable letter of credit is not renewed by Hodak or the issuer of the letter of credit for any reason prior to the resolution of the appeal, UAR GP Services will be left without recourse for the unpaid judgment debt, even if notice of that non-renewal is given under the terms of the order.  This is so even though the stay would expire unless another adequate surety was given before the expiration of the irrevocable letter of credit and UAR GP Services would then be free to pursue enforcement of the Court's Judgment against Hodak.

Should Hodak use the time provided by the stay to render himself judgment-proof, then UAR GP Services would be prevented from attaching assets to protect its interest.  Indeed, Hodak and his wife have, in their March 10, 2009, depositions, conceded that they recently transferred assets held jointly to be held solely in

---

[1]The Court does note, for the parties' benefit, that the parties' various pleadings which discuss the posting of an irrevocable letter of credit in lieu of a supersedeas bond are a bit misleading.  Relief is always obtained under Fed. R. Civ. P. 62(d) by giving a "supersedeas bond."  The variable is the choice of surety.  LR 65.1.1 provides for the sureties on a bond that the Clerk may accept without an order for the Court (including assurance by a surety company approved by the Department of the Treasury, which was UAR GP Service's preference).  A party may petition the Court to use an alternative surety, such as an irrevocable letter of credit, to secure the supersedeas bond, but granting leave to do so does not excuse the requirement of a supersedeas bond.

her name "[b]ecause if you would garnish or freeze those accounts, we wouldn't have access to them . . . ."[2] With a stay in place, Hodak and his wife could continue to take similar actions, leaving UAR GP Services without recourse.

UAR GP Services proposes that the Court resolve this problem by requiring a surety under LR 65.1.1(a)(1) or (2) before approving any bond given by Hodak or by permitting UAR GP Services to proceed with discovery of Hodak's assets at this time, whether or not a stay is set in place. The Court prefers a straightforward remedy. Accordingly, the Court shall strike its earlier order and will require Hodak to secure any bond given under Fed. R. Civ. P. 62(d) to be secured by one of the surety options provided for in LR 65.1.1(a)(1), (2), or (3). Further, the Court will no longer hold in abeyance any proceedings with regard to UAR GP Services' Motions to Compel and for Sanctions. If Hodak wishes to obtain a stay, the onus is on him to act expeditiously.

Accordingly, **IT IS ORDERED**:

(1) that UAP GP Services, LLC's Motion for Reconsideration of

---

[2] To be fair, Hodak and his wife testified that they wished to avoid the freezing of the account because access to that money was necessary to obtain an irrevocable letter of credit to secure a supersedeas bond in this matter and Hodak could not have obtained an irrevocable letter of credit if the accounts were frozen due to a garnishment. Their explanation, however, fails to take into account that a garnishment of the account would have provided for payment in full of the judgment debt owed. It also reveals that they reached a decision, whether consciously or not, not to use the funds in that account to secure a supersedeas bond with cash, as permitted by LR 65.1.1.

the Court's Order Granting Conditional Approval of Hodak's Irrevocable Letter of Credit and Order Holding Motion to Compel and for Sanctions in Abeyance [Record No. 192] shall be, and the same hereby is, **GRANTED**;

(2) that the Court's order of March 11, 2009 [Record No. 190] approving the use of an irrevocable letter of credit as surety for a supersedeas bond by Hodak shall be, and the same hereby is, **STRICKEN AND HELD FOR NAUGHT**;

(3) that the Court's order of March 11, 2009 [Record No. 191], holding in abeyance all proceedings concerning UAR GP Services' Motion to Compel and for Sanctions [Record No. 181] is also **STRICKEN AND HELD FOR NAUGHT**.

This the 27th day of March, 2009.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge