UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| KEN HODAK, | ) |
| Plaintiff, | ) Civil Action No. 5:07-5-JMH |
| v. | ) |
| MADISON CAPITAL MANAGEMENT, LLC, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on several motions: UAR GP Services, LLC's (hereinafter, "UAR GP Services") Motion for Leave to File a Supplemental Pleading pursuant to Fed. R. Civ. P. 15(d) [Record No. 209], Hodak's Renewed Motion for Disgorgement of Garnished Funds and Release of Bond Obligation [Record No. 207], and UAR GP Services' Motion for a Status Conference or a Scheduling Order [Record No. 206]. Responses have been filed with regard to each of these motions [Record Nos. 212, 211, and 208, respectively]. The Court has considered the motions and responses and, being adequately advised, considers them suitable for disposition at this time.

**I.   Motion for Leave to File a Supplemental Pleading**

Defendant-Counterclaimant UAR GP Services seeks leave of Court to file a counterclaim against Plaintiff-Counterdefendant Hodak to enforce his obligations under a Promissory Note. UAR GP Services

-1-

argues that, although it had not previously requested such relief because its proposed counterclaim accrued only after discovery closed in this action, judicial economy would now be promoted by including the claim in this action as this matter has been remanded by the Sixth Circuit for further proceedings.

Fed. R. Civ. P. 15(d) permits a Court, "[o]n motion and reasonable notice, . . . [to] permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Leave to amend pleadings is to be freely permitted "when justice so requires." Fed. R. Civ. P. 15(a). It is taught that:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc., the leave should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

The counterclaim that is now proposed is not new to the parties. UAR GP Services filed an action seeking to enforce said promissory note in the Circuit Court of Knox County, Tennessee, on June 10, 2008, shortly after the claim accrued. *See UAR GP Servs., Inc. v. Hodak*, Case No. 1-267-08 (Knox Cir. Ct., Tenn.). Thus, argues UAR GP Services, Hodak has been on notice of its intent to

enforce the promissory note since service of the complaint in the Tennessee action in June 2008. In explaining this to the Court, UAR GP Services concedes that it might have sought to bring this claim before this Court more than a year and a half before filing the present motion. However, UAR GP Services made a measured decision in June 2008 not to bring a claim on the note in this case so as to avoid delaying resolution of the issues then-pending in this action by means of summary judgment.

UAR GP Services elected not to seek relief in this Court a year-and-a-half ago, and the same claim raised before a Tennessee court remains pending. The parties' dispositive motions have been briefed in that court and are awaiting disposition, subject to a stay set into place on December 16, 2008, by that court pending the resolution of the issues raised in the present matter (whether on appeal or before this Court). The Court cannot ignore this in the face of UAR GP Services' argument that there has been no undue delay, bad faith or dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed on its part and that there will be no undue prejudice to Hodak by virtue of allowance of the amendment or futility of the amendment, for that matter.

UAR GP Services made its bed in June 2008, and the Court is persuaded that it must now lie in it in light of the passage of time prior to seeking relief before this Court. Further, considering the substantial development of the matter in Tennessee,

including not only the Complaint, Answer, and Counterclaims, but also complete briefing on a Motion to Dismiss and a Motion for Summary Judgment, efficiency and economy would hardly be served by permitting an amendment here at this late date. The Court is not persuaded that this is an instance where leave to amend should be "freely given." UAR GP Services' Motion shall be denied.

### II. Renewed Motion for Disgorgement of Garnished Funds and Release of Bond Obligation

In his Renewed Motion for Disgorgement of Garnished Funds and for Approval to Release Bond, Hodak asks the Court for relief on the grounds that the Court's earlier money judgment against him is void in light of the Sixth Circuit Court of Appeals' September 2009 decision. Both parties agree that UAR GP Services is now prohibited from taking additional steps to collect any amounts previously awarded in this Court's now-defunct judgment. Further, the parties agree that "[w]hat has been given or paid under the compulsion of a judgment the court will restore when its judgment has been set aside and justice requires restitution." *United States v. Morgan*, 307 U.S. 183, 198 (1939).

As an initial matter, the supersedeas bond approved by this Court pending resolution of Hodak's appeal is clearly no longer required, and it shall be released. As for the amounts paid to UAR GP Services by various entities as a result of Writs of Garnishment issued in this action, this Court is of the opinion that those

amounts should be disgorged by UAR GP Services and returned to Hodak with interest. UAR GP Services acknowledges that it must release the funds but asks that the Court hold the funds until the case is fully and finally resolved because justice does not require restitution in this instance. UAR GP Services argues that because Hodak has demonstrated a willingness, through his prior actions, to move assets out of the reach of his creditors, the Court would better serve justice by placing the funds in its registry for safekeeping.[1] To arrive at this request, UAR GP Services boldly anticipates that judgment will ultimately be entered in its favor on Hodak's breach of contract claim again and, predicting another monetary award to UAR GP Services, argues that this Court should exercise caution and, using its inherent equitable jurisdiction, to preserve the funds now held by UAR GP Services. Of course, no such award has been made nor has the Court determined what resolution of the remaining claims will be made in the future.

Having carefully considered the parties' arguments, the Court is not persuaded that justice requires holding the funds obtained by UAR GP Services rather than restoring them to Hodak. Accordingly, Hodak's Motion shall be granted in part, as to the release of the supersedeas bond, the repayment of the funds

---

[1] It is alleged that he transferred his interest in an investment account which was allegedly subject to garnishment to his wife in an effort to frustrate then-judgment creditor UAR GP Services' ability to collect on the judgment in place at that time.

obtained from garnishment by UAR GP Services, and the quashing of the writs of garnishment which remain in place in this district. The Motion shall be denied without prejudice as to the return of funds held by BB&T in association with the writ of garnishment directed thereto and the request for reimbursement by BB&T of the processing fee charged to Plaintiff's account in association with garnishment of Hodak's account. Whether BB&T is properly holding those funds and or properly charged the fee is not part of the proceeding before this Court, and this portion of the request for relief must be denied.

**III. Motion for a Status Conference or a Scheduling Order**

There being no objection to this Motion and finding that no status conference is necessary at this time, the Court shall grant the motion in part, deny it in part, and set forth a scheduling order below.

Accordingly, **IT IS ORDERED:**

(1) that UAR GP Services' Motion for Leave to File a Supplemental Pleading [Record No. 209] pursuant to Fed. R. Civ. P. 15(d) shall be, and the same hereby is, **DENIED**;

(2) that Hodak's Renewed Motion for Disgorgement of Garnished Funds and Release of Bond Obligation [Record No. 207] shall be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART**;

(3) that UAR GP Services is directed to **REPAY** to Hodak all amounts obtained as a result of Writs of Garnishment issued in this

action with interest earned at the federal judgment rate;

(4) that the writs of garnishment entered by the Court [Record Nos. 160, 161, 162, 163, 164, and 168] shall be, and the same hereby are, **QUASHED**;

(5) that the release of the supersedeas bond previously filed in this action by Hodak is **APPROVED**;

(6) that UAR GP Services' Motion for a Status Conference or a Scheduling Order [Record No. 206] shall be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART**; and

(7) that any renewed motions for summary judgment on the remaining claims in this matter, concerning the termination of Plaintiff's employment contract which UAR GP Services contends was previously briefed but not reached, shall be **FILED** on or before **March 1, 2010**.  Responses and replies shall be due in accordance with all applicable rules.

This the 6th day of January, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge