UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| KEN HODAK, | ) |
| Plaintiff, | ) Civil Action No. 5:07-5-JMH |
| v. | ) |
| MADISON CAPITAL MANAGEMENT, LLC, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court upon Plaintiff Hodak's Motion for Summary Judgment [DE 228]. UAR GP Services, LLC, has filed a Response [DE 232], and Hodak has filed a Reply [DE 235] in further support of his Motion. The Court being adequately advised, this Motion is ripe for a decision and shall be denied for the reasons stated below.

In his present Motion for Summary Judgment, Hodak argues that UAR GP Services, LLC, operated as the alter ego or instrumentality of the co-defendant Madison entities (Madison Capital Management, LLC, and Madison Investment Partners 24) and that the Madison entities are, thus, liable for any wrong committed by UAR GP Services, LLC, once the veil between those entities is pierced. However, this Court has already entered an opinion as to this issue, dismissing all claims as to the Madison entities. That decision was the subject of an appeal by Hodak, and, in its decision of September 10, 2009, the Sixth Circuit Court of Appeals

upheld this district court's award of summary judgment in favor of the Madison defendants on the issue of veil piercing, "albeit on different reasoning." Specifically, the Court of Appeals concluded that Hodak could not pierce that veil because he failed to show any injury caused by fraud or injustice separate and apart from UAR GP Services' inability to pay its debt (assuming that the district court concluded that UAR GP Services, LLC, had committed a wrong, i.e., a breach of contract, upon remand).

While the Court has now concluded that UAR GP Services, LLC, did breach its contract with Hodak [DE 227], this Court is precluded from examining anew whether veil piercing is appropriate as that issue has already been decided by the Sixth Circuit Court of Appeals. *See Consolidation Coal Co. v. McMahon*, 77 F.3d 898, 905 (6th Cir. 1996) ("Under the law of the case doctrine, [this] court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court in the same case."). Nor is there any merit to Plaintiff's argument that the law of the case doctrine does not preclude renewed consideration of this issue because "[the] decision is clearly erroneous and would work a manifest injustice." While Hodak reasons that this is so because the Sixth Circuit remanded the breach of contract claim to this Court and, thus, made "no decision on whether a 'wrong' had been committed" for the purposes of his veil piercing claim, his argument does not change the fact that the Sixth Circuit Court of

Appeals held that his efforts to pierce UAR GP Services, L.L.C.'s corporate veil was without merit for other reasons. For this reason, the Court declines Hodak's invitation to revisit the issue.

Accordingly, **IT IS ORDERED** that Plaintiff Hodak's Motion for Summary Judgment [DE 228] is **DENIED**.

This the 7th day of June, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge