UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| KEN HODAK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:07-5-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| MADISON CAPITAL MANAGEMENT, | ) | |
| LLC, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on Plaintiff's Interim Motion for Attorneys' Fees and Other Costs [DE 230]. Defendant UAR GP Services, LLC (hereinafter, "UAR GP Services") has filed a Response [DE 239], and Plaintiff has filed a Reply [DE 242] in further support of his Motion. This motion is now ripe for decision.

**I.    BACKGROUND**

The facts and much of the procedural background of this case have been set forth in detail by this Court in its earlier Memorandum Opinions and Orders of August 19, 2008 and April 4, 2011 [DE 106 and 227]. The Court incorporates the recitations of the facts by reference and sets forth here only the most salient facts with respect to the present motion.

Ken Hodak and UAR GP Services's May 12, 2006, Non-Competition, Confidential Information and Invention Agreement (hereinafter, "Confidentiality Agreement") prohibited him from disclosing
-1-

information regarding UAR's transactions and acquisitions to third parties. In its August 19, 2008, Memorandum Opinion and Order, this Court dismissed Hodak's claim for breach of the parties' Employment Agreement on grounds that UAR GP Services failed provide him with the requisite notice of the termination of his employment. The Court concluded that Plaintiff materially breached the parties' Confidentiality Agreement on at least two occasions, providing more than enough "cause" for his immediate termination under § 9(a)(2)(v) of the Employment Agreement.[1]

On appeal, the Sixth Circuit vacated the district court's decision to grant summary judgment on the breach of contract claim because there were genuine issues of fact as to whether Hodak's breach of the Confidentiality Agreement was the actual reason for his termination under the Employment Agreement. However, the Sixth Circuit also agreed with this Court that the evidence showed that "Hodak did what he was prohibited from doing under the Confidentiality Agreement: he disclosed confidential information. By failing to maintain confidentiality on two occasions, Hodak arguably failed to perform a substantial part of the contract." *Hodak v. Madison Capital Mgmt., LLC,* 348 F. App'x 83, 91 (6th Cir.

---

[1] In relevant part, the Employment Agreement provided that five business days' written notice was required to effect termination without cause but that it could be effected immediately, i.e., without the required five days' written notice, if there was "a material breach of . . . the Confidentiality Agreement."

2009). When the case was remanded to this Court, the undersigned denied UAR GP Services' renewed Motion for Summary Judgment with respect to its argument that Hodak was properly terminated for cause under the Employment Agreement due to breaches of the separate Confidentiality Agreement and granted Hodak's motion for summary judgment on his breach of contract claim based on the Employment Agreement, consistent with the Sixth Circuit ruling.[2]

As the prevailing party on his claim of breach of the Employment Agreement, Plaintiff now seeks an award of attorneys' fees pursuant to Fed. R. Civ. P. 54(d)(2) and a fee-shifting provision found in the Confidentiality Agreement which provides, as follows:

> In the event of any litigation or proceeding concerning any provision of this Agreement or the rights and duties of the parties hereto, the party prevailing in such litigation or proceeding shall, in addition to any other recovery in such matter, be granted the actual amount of his, her or its attorneys' fees and court and all other related costs in such matter, which fees and costs shall be reasonable for such services and goods provided in Lexington , Kentucky.

He has also filed what appears to be a motion for summary judgment with respect to the amount of damages due for breach of the

---

[2] This Court did not need to and, thus, did "not reach the issue of whether UAR GP Services was deprived of the benefit it reasonably expected and whether, thus, the alleged breaches of the Confidentiality Agreement were material." [DE 227 at 16, n. 7.]

parties' Employment Agreement with respect to a tax "gross up" payment, certain expenses related to the lease of a vehicle, and other benefits.

**II. DISCUSSION**

**A. Hodak's Motion for Attorneys' Fees and Nontaxable Costs**

As a general matter, under the American Rule, each party bears its own attorneys' fees "'absent statutory authorization or an established contrary exception.'" *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (quoting *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985)). There exist, however, exceptions to this rule. For example, fees may be shifted by statute or sanctions awards made pursuant to statute or the Court's inherent power. Fee-shifting can also occur by virtue of the private agreement of the parties to a contract. These agreements are enforceable under Kentucky contract law and, thus, can serve as the basis for an award of attorneys' fees in this Court. *See Nelson Ins. Agency, Inc. v. Famex, Inc.*, 706 S.W.2d 838, 840 (Ky. Ct. App. 1986).

As set forth above, there is no fee-shifting provision in the parties' Employment Agreement, so Hodak relies the fee-shifting provision in the Confidentiality Agreement. He argues that he is entitled to an award of his attorneys' fees and nontaxable costs incurred in connection with his successful litigation of his claim of breach of the parties' Employment Agreement because, in order to

prevail, he had to defeat Defendant UAR GP Services' defense that it properly terminated his employment without notice because he violated the Confidentiality Agreement. Indeed, in an earlier order prior to Plaintiff's appeal and remand by the Court of Appeals for further proceedings, this Court wrote "that the litigation of Count II of Plaintiff's complaint – truly the central claim in this case – concerned the rights and duties of the parties to the Non-Competition Agreement even if it was, on its face, a claim for breach of the Employment Agreement." [DE 129 at 4.] The Court of Appeals also felt that the litigation of Plaintiff's breach of contract claim "concerned interpretation and enforcement of provisions of the [Confidentiality] Agreement. . . ." *Hodak*, 348 Fed. App'x at 96.

However, this Court's decision (and that of the Sixth Circuit Court of Appeals) was ultimately a decision on the merits of UAR GP Services' defense under the Employment Agreement, i.e., whether confidentiality breaches were the actual reason for Hodak's discharge such that UAR GP Services was free to terminate his employment without notice under § 9(a)(2)(v) of the Employment Agreement. To the extent that there was litigation concerning the Confidentiality Agreement, it can be said – at best – that this Court and the Court of Appeals agreed that the evidence showed that he had breached it to some extent but never reached a conclusion as to the seriousness of the breach of the Confidentiality Agreement

itself. In other words, Hodak was hardly a prevailing party with respect to litigation concerning that Agreement, if the litigation can be called that (nor by the same token could UAR GP Services be called a prevailing party on that issue at this point).[3] Thus, the Court is not persuaded that Hodak prevailed in "litigation or [a] proceeding concerning any provision" of the Confidentiality Agreement. Accordingly, in the absence of statutory authorization or an established contrary exception to the American Rule, he may not recover his fees and non-taxable costs.

### B. Tax Gross Up Payment, Vehicle Expenses, and Health Benefits

Hodak also seeks a tax gross-up payment to cover income tax liability that will be incurred upon forgiveness of the $100,000 loan made by UAR to Hodak in 2006, reimbursement for the costs of

---

[3] Further, Hodak's breaches of the Confidentiality Agreement, while not material to UAR GP Services' performance under the termination provisions of the Employment Agreement, would be central to his ability to recover attorneys' fees under that Agreement if he was a prevailing party. A party in breach of a contract may not demand performance by the non-breaching party. *Dalton v. Mullins,* 293 S.W.2d 470, 476 (Ky. 1956); *see also Pace v. Burke,* 150 S.W.3d 62, 66 (Ky. 2004) ("As a general rule, one party's total failure to perform his obligations under a contract justifies the non-breaching party in treating the contract as abandoned and suspending his own performance."); *see also* 17A Am. Jur. 2d *Contracts* §606 ("As a rule, a party first guilty of a substantial or material breach of contract cannot complain if the other party subsequently refuses to perform. That party can neither insist on performance by the other party nor maintain an action against the other party for subsequent failure to perform."). Under Kentucky law, Hodak's breach of the Confidentiality Agreement may excuse UAR from performance under the fee-shifting provision of that agreement. The Court need not reach that conclusion today and declines to do so.

the lease of a Chevrolet Tahoe, and reimbursement for medical, dental, and vision benefits incurred and recoverable under § 9(d) of the Employment Agreement.  The Court understands this request for relief to be a Motion for Summary Judgment on the issue of the amount of damages due for breach of the Employment Agreement.[4]

Summary judgment should be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Johnson v. United States Postal Serv.*, 64 F.3d 233, 236 (6th Cir. 1995).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to come forward with evidence showing that there is a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  A mere scintilla of evidence is insufficient; rather, "there must be evidence on which the jury could reasonably find for the [nonmovant]."  *Id*. at 252. This standard requires a court to make a preliminary assessment of the evidence, in order to decide whether the non-moving party's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  "'The mere

---

[4] To the extent that Hodak relies on the fee shifting of the Confidentiality Agreement to recover these items, the Court is not persuaded that these items are "nontaxable expenses" or otherwise recoverable under that provision on any set of facts.  Even if they were, his request for relief under that fee-shifting provision would fail for the reasons set forth above.

possibility of a factual dispute is not enough.'" *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992), quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986).

With respect to his request for a tax gross up payment related to the forgiveness of the loan required under § 4(c) of the Employment Agreement, this Court has already determined that, under the Employment Agreement, UAR GP Services is to "relieve [Hodak] of any remaining loans under [§] 4(c)." [DE 227] Section 4(c)(1) provides a method of determining which portion of the loan will be forgiven – reducing the loan amount by "(x) the Executive's months of continuous employment from the Effective Date, divided by (y) 24 months, multiplied by (z) the total amount of the loan." Subsection (ii) of § 4(c) provides for an income tax "gross-up" payment "such that [Hodak] will be made whole for the federal and state income and employment actual tax impact to [him] of the forgiveness provided for in this Section and the gross-up payment contemplated" by § 4(c). Plaintiff has presented an affidavit of CPA John M. Lucarelli which purports to calculate the amount of tax gross up payment that would compensate Hodak as though the Court had ordered UAR GP Services to forgive all amounts owed under any loan – which is not the relief for which § 4(c) provides and certainly is not what this Court intended. To the extent that Plaintiff was confused by the Court's Memorandum Opinion and Order [DE 227], the Court clarifies it and states that UAR GP Services is

to afford Hodak loan forgiveness and relief in keeping with the provisions of § 4(c) of the Employment Agreement. The Court concludes, however, that there is insufficient evidence in the record at this juncture upon which to base any determination of the amount of gross up payment due to Hodak and denies him the relief requested without prejudice.

As for his request for further reimbursement with respect to the Tahoe, Hodak has failed to articulate why he would be due these amounts under the Employment Agreement or to identify any other authority that would permit him to recover these costs. The Court has already written as follows:

> Plaintiff has further claimed that UAR GP Services breached its obligation to reimburse him for expenses related to the car that he purchased while employed by UAR GP Services. Under the Employment Agreement, UAR GP Services was to provide Plaintiff with use of a suitable vehicle, with precise arrangements to be made at a later date. Plaintiff and Gordon reached an agreement that Plaintiff would purchase a vehicle of his choice, and he would be reimbursed for the "capital costs," out-of-pocket costs, and mileage during his tenure. Plaintiff purchased a car in June 2006, and Plaintiff has confirmed during the course of this litigation that he was "reimbursed for everything [he] submitted." Accordingly, Hodak's cause of action for breach of contract regarding his vehicle fails and shall be dismissed.

[DE 106 at 14.] The Court of Appeals for the Sixth Circuit has affirmed that decision, and the Court declines to afford him further relief with regard to the Tahoe.

Finally, with respect to the requested reimbursement for the cost of medical, dental, and vision benefits actually incurred and recoverable under § 9(d) of the Employment Agreement, there is no proof in the record of the value of such benefits or of any expenditure by Plaintiff on such benefits during the severance period.  He has offered a conclusory statement that he is due $9,469.00 in the Motion before this Court, but nothing more.  This is not enough.  As there is insufficient evidence in the record at this juncture upon which to base any determination of the amount due to Hodak for the value of medical, dental, and vision benefits to have been paid during the severance period, the Court will deny him the relief requested without prejudice.

### III. CONCLUSION

For all of the reasons stated above, **IT IS ORDERED**:

(1)  that Plaintiff's Interim Motion for Attorneys' Fees and Other Costs [DE 230] is **DENIED.**

Further, upon the Court's own motion, **IT IS FURTHER ORDERED**:

(2)  that the above-styled cause be, and the same hereby is, assigned for trial, without a jury, at **LEXINGTON**, **KENTUCKY**, on **Tuesday, January 31, 2012,** at **9:00 a.m.,** subject to intervening orders of Court.

(3) that the parties shall **ADVISE** the Court of the anticipated length of the trial in a Notice of Filing in the record of this matter on or before **December 9, 2011**.

(4) That the above-styled cause be, and the same hereby is, **REFERRED** to Magistrate Judge Robert E. Wier for a pretrial conference at a date, place and time to be determined by him, but not later than at least one week prior to **January 17, 2012.**

(5) That at least one week before Magistrate Judge Wier's pretrial conference, counsel shall:

    (a) file a list of exhibits intended to be used at trial;

    (b) **premark** and display to opposing counsel all exhibits intended to be used at trial. All objections to the authenticity of the exhibits shall be waived unless raised at the conference;

    (c) file a witness list with a brief summary of the expected testimony of each witness;

    (d) file a pretrial memorandum brief containing a succinct statement of the facts of the case, the questions of fact and the questions of law; and

    (e) file agreed proposed findings of fact and conclusions of law. An electronic copy of same shall be submitted directly to the undersigned's chambers, as an attachment to an email sent to [jhoodmemos@kyed.uscourts.gov](mailto:jhoodmemos@kyed.uscourts.gov) in a format compatible with Word or WordPerfect 11.

(6) That the matter be, and the same hereby is, assigned for a final pretrial conference in **LEXINGTON**, **KENTUCKY** on **Tuesday, January 17, 2012,** at **1:00 p.m**. At said conference, the parties

shall be prepared to discuss a settlement of the matter.

This the 5th day of December, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge